Manuel D. ONOFRE, Appellant,

v.

The STATE of Texas, Appellee.

No. 44453.

Court of Criminal Appeals of Texas.

Jan. 11, 1972.

Evans & Marshall, Shirley W. Butts, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong, and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for the possession of marihuana. Appellant waived a jury trial, entered a plea of not guilty before the court and filed an application for probation. The court, after hearing the evidence, found the appellant guilty, assessed a penalty of five years, suspended imposition of sentence and granted probation.

The appellant's first ground of error is "The trial court committed reversible error by not granting appellant's motion to suppress . . . thereby admitting into evidence at the trial the fruits of the illegal arrest and search."

Officer Barnes of the San Antonio Police Department, while on routine patrol in the city, observed the appellant and another man in a parked automobile at approximately 2:30 A.M. behind "The Joker's Lounge", which was closed and unlighted. The appellant "dumped something under the seat or appeared to dump something under the seat" as the officer approached. The appellant got out of the automobile on the driver's side and the other man got out on the passenger's side, leaving the door open. Officer Barnes approached them and told them to stop while they were close beside their automobile. Officer Martin appeared on the scene at about this time and Barnes told him that "they stuck something underneath the seat" and to be "cautious". Martin said he was "suspicious of any car behind a business at nighttime; at 2:00 A.M. in the morning." He shined his flashlight into the automobile; he saw some cigarette papers and a marihuana cigarette laying on the seat. Some of the marihuana and seeds had spilled out of one end of the cigarette onto the seat. The officer testified "I just know that it looked like the marihuana that I had seen before, it just didn't look like tobacco. Tobacco is not green colored and it doesn't have seeds on it." The finding of the marihuana on the seat by Officer Martin occurred within one or two minutes after he reached the scene. After finding the marihuana cigarette in the seat, the officers searched the automobile and under the seat on the driver's side found a sackful of what was proved by expert testimony to be 39.71 grams of marihuana.

"One general interest is of course that of effective crime prevention and detection; it is this interest which underlines the recognition that a police officer may in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906–907 (1968).

■ As in *Terry*, the officers here were discharging a "legitimate investigative function" when they approached the appellant's automobile. The marihuana cigarette and seeds observed on the seat were in "plain view" and as such were not the products of an illegal search. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); Ker v. California, 374 U.S. 23, 42–43, 83 S.Ct. 1623, 1634–1635, 10 L.Ed.2d 726 (1963); United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202 (1927) and United States v. Barone, 330 F.2d 543 (2nd Cir. 1964) cert. denied 377 U.S. 1004, 84 S.Ct. 1940, 12 L.Ed.2d 1053 (1964). See also Art. 14.03, Vernon's Ann.C.C.P.

Further, "[t]he view that the use of a visual aid such as a flashlight changes the character of a visual encounter by a police officer has been repeatedly rejected by the courts. (citations omitted) . . . The plain view rule does not go into hibernation at sunset." Marshall v. United States, 422 F.2d 185, 188–189 (5th Cir. 1970); accord, Walker v. Beto, 437 F.2d 1018 (5th Cir. 1971); Legall v. State, 463 S.W.2d 731 (Tex.Crim.App.1971) and Abbott v. State, 472 S.W.2d 142 (Tex.Crim.App.1971). To the extent that the holding in this case is in conflict with Pruitt v. State, 389 S.W.2d 475 (Tex.Crim.App.1965) that case is overruled.

The finding of what the officer reasonably believed to be a marihuana cigarette furnished probable cause for the immediate search of the automobile. The remaining marihuana was obtained as the result of a lawful search. Cf. Wimberly v. State, 434 S.W.2d 857 (Tex.Crim.App.1968) and Taylor v. State, 421 S.W.2d 403 (Tex.Crim. App.1967). The trial court did not err in overruling and denying the appellant's motion to suppress the evidence and in admitting the contraband into evidence.

It appears to be undisputed that the appellant was the owner or had some interest in and operated "The Joker's Lounge". There is some conflict as to whether appellant had informed the officers that he was the owner of the lounge before they searched the automobile. Assuming, however, that he had so informed the officers, it would not render the search unlawful under the facts stated.

Appellant's first ground of error is overruled.

Appellant's second ground of error is "The trial court committed reversible error by overruling appellant's amended motion for new trial in which [was] urged . . . [a] variance in the evidence allegedly confiscated and that introduced at the trial."

The officers making the search testified that the cigarette papers, the marihuana cigarette and the "sackful" of marihuana had been preserved and placed in a "locked narcotics locker" in the property room at the police station for analysis by the chemist and toxicologist. The State was unable to account for the cigarette and the cigarette papers found on the automobile seat and did not introduce them into evidence. The State only produced and offered into evidence the "sackful" of marihuana found under the seat.

■ The appellants contend that the failure to produce and offer into evidence the cigarette papers and the marihuana cigarette is fatal to his conviction. They argue the State was obliged to introduce the marihuana cigarette and papers to support and corroborate the testimony of the searching officers on the issue of probable cause. We are unaware of any authority that would support appellant's contention. The absence of this physical evidence was brought to the attention of the trial court by the testimony. The trial court, as the trier of facts and in determining the issue of probable cause, undoubtedly considered this testimony with regard to the credibility of the other testimony heard. The State, as a matter of law, was not required to introduce the marihuana cigarette and the papers into evidence. See Kilrain v. State,

166 Tex.Cr.R. 265, 313 S.W.2d 299 (1958). Appellant's second ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.