**Brady BLACK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45668.**

Court of Criminal Appeals of Texas.

Jan. 31, 1973.

Rehearing Denied March 28, 1973.

Vern F. Martin, Midland, for appellant.

James A. Mashburn, Dist. Atty., Jerry Buckner, Asst. Dist. Atty., Midland, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

The conviction is for the unlawful possession of a narcotic drug; to-wit, marihuana; the punishment, assessed by the jury, ten (10) years.

In his first two grounds of error appellant complains of the court's action in admitting in evidence certain packets of marihuana found in appellant's automobile over the objection that the contraband was obtained as the result of an unlawful search and seizure.

The facts surrounding the search of appellant's automobile are summarized in the State's brief as follows:

"On September 4, 1970, Officer Ralph Ward, a Texas Highway Patrolman, was on patrol in Midland County, Texas, approximately ten miles west of Midland on Interstate Highway 20, when he observed a 1966 model Cadillac being driven by John Plumb and occupied by Brady Black, who was a passenger in the car. Officer Ward stated that the occupants of the vehicle appeared to be nervous and were looking at each other and attempting to look back at him. Because of the demeanor of the occupants

and the out of state tags on the vehicle, Officer Ward stopped the vehicle for a driver's license and registration check. Officer Ward stepped to the left rear of the Cadillac vehicle and requested the driver to step to the rear of his vehicle. The driver, John Plumb, produced a valid Indiana driver's license. Officer Ward asked Mr. Plumb who the vehicle belonged to and Mr. Plumb replied, 'I think it belongs to him,' pointing toward the passenger, Brady Black. Officer Ward approached the passenger's side of the vehicle, where appellant was seated, and asked Mr. Black if the Cadillac automobile was his vehicle. Mr. Black stated that it was his vehicle. Officer Ward then requested Mr. Black to show him some registration papers or identification for the vehicle. Mr. Black opened the door of his vehicle and stood out of the vehicle. Officer Ward then observed a .38 pistol lying in the front seat of the vehicle. Officer Ward testified that he could not determine whether Mr. Black was sitting on the pistol or whether the pistol was right beside Mr. Black. Officer Ward testified that he was working by himself and that he had Mr. Black and Mr. Plumb stand out of the vehicle for his own protection. Directly behind the passenger's seat, in the rear floorboard, Officer Ward observed a box of the approximate size in which a pistol could be concealed. Half of the box was covered by coveralls which contained packages. Officer Ward removed the coveralls from the top of the box. The coveralls were partially zipped and the Officer observed several red cellophane packages with holes punched in them. Officer Ward smelled one of the packages and believed that he detected the odor of marihuana. The automobile was a two door vehicle and there was a space between the seat and the door of the vehicle sufficiently large for a person seated in the passenger's seat to reach to the back seat and touch the coveralls and the box. After smelling the marihuana in the package, the Officer

removed the rest of the packages from the coveralls. There was a total of eight packages contained in the coveralls. Investigation revealed that the driver of the automobile was a hitchhiker."

Officer Ward testified that he arrested the appellant and his companion Plumb for unlawful possession of marihuana and, subsequently, filed charges against them.

It was further shown that the eight packages taken from appellant's automobile contained 2725 grams of marihuana.

From the evidence adduced it is clear that the search of appellant's automobile was not one incident to an arrest as the officer's testimony shows that the arrest followed the search.

■ The question, therefore, presented is whether Officer Ward had probable cause to search.

We conclude that he did.

The officer had the right to stop appellant and his companion for the purpose of determining whether the driver of the vehicle had a driver's license. This authority is conferred upon an officer by Art. 6687b, Sec. 13, Vernon's Ann.Texas Civ.St. See also Oliver v. State, Tex.Cr.App., 455 S.W.2d 291.

After having stopped the vehicle the officer saw in plain view the .38 caliber pistol on the front seat where appellant had been sitting. Upon observing the box on the back floor board, the officer was warranted, under the circumstances, in making a search of the automobile. Breckenridge v. State, Tex.Cr.App., 460 S.W.2d 907. See also Gutierrez v. State, Tex.Cr.App., 423 S.W.2d 593.

Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, cited by appellant, is not here controlling as that case dealt with a search incident to a lawful arrest.

The grounds of error are overruled.

■ In his ground of error number three, appellant complains that the court erred in limiting his right of cross-examination of the State's witness Chemist Wolf, in that he was not permitted to ask the witness the medical distinction between marihuana and other narcotic drugs; that he was not allowed to ask this witness whether or not the witness had personally smoked marihuana; that he was not allowed to ask this witness of his knowledge of the various effects of marihuana on individuals; and that he was not allowed to ask this witness what the comparative physical effects of marihuana were as opposed to alcohol and cigarettes.

■ We perceive no error. The question as to whether marihuana is a narcotic drug is one of law and not of fact. The jury was properly instructed in the charge that marihuana is a narcotic drug. See Art. 725b, Vernon's Ann.P.C.; Locke v. State, 168 Tex.Cr.R. 507, 329 S.W.2d 873.

In his ground of error number four appellant insists that the court erred in failing to grant a mistrial on the ground of jury misconduct when the jury, during their deliberation on the issue of punishment, sent the following note to the court:

"Your Honor: We desire information re: the amount of 'time off' for good behavior that is allowed under a prison sentence.

"Leslie R. Hinds

"P.S. For example (15 yrs.)"

The record reflects that the trial judge responded to the inquiry as follows: "You are limited in your deliberations only to the instruction contained in the court's charge."

After giving such answer, the court refused to declare a mistrial or further instruct the jury on the matter.

■ In the absence of affidavits from some of the jurors and testimony presented on motion for a new trial this Court is not in a position to pass upon the question of alleged jury misconduct. Cf. Alejandro v. State, Tex.Cr.App., 394 S.W.2d 523.

■ By ground of error number five appellant complains of the court's failure to charge the jury in the terms of Art. 38.-23, Vernon's Ann.C.C.P., to disregard any evidence obtained by an officer or other person in violation of the Constitution or laws of this State or of the United States.[1] The requested charge would have submitted to the jury a question of law rather than of fact; hence, its refusal by the court was not error. Further, no disputed fact issue was raised by the evidence on the question of probable cause.

In his sixth ground of error appellant insists that the trial court erred in failing to instruct the jury to disregard a reference to him as "trash" by the prosecuting attorney in his final argument to the jury.

In his argument State's counsel stated:

"I just ask you one more thing. Give the citizens of the State of Texas their rights. Let's not have this kind of—this kind of trash carrying this kind of contraband through Midland County—"

Counsel for appellant requested the court to instruct the jury to disregard the argu-

---

1. Appellant's objection and requested charge reads as follows:
   "Defendant objects to the omission of a charge based upon Vernon's Code of Criminal Procedure, Article 38.23, and requests and tenders the following:
   "'Article 38.23 of the Texas Code of Criminal Procedure provides that: No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
   "'Accordingly, you are instructed that if you believe, or have a reasonable doubt, that the evidence presented, or any of it, was obtained in violation of this Article, then and in such event, you will disregard any such evidence so obtained.'"

ment on the ground that it was an appeal to prejudice to which request the court stated, "The court will not comment."

 While we do not condone unjustified verbal attacks upon an accused by State's counsel, the argument was not, under the facts, such as to call for a reversal of the conviction. Hess v. State, 168 Tex. Cr.R. 425, 328 S.W.2d 308, and Gauntt v. State, 169 Tex.Cr.R. 520, 335 S.W.2d 616.

The ground of error is overruled.

The sentence pronounced by the court orders that appellant be confined in the penitentiary for ten years. The same is reformed so as to give application to the indeterminate sentence law, Art. 42.09, V. A.C.C.P., and order that he be confined in the penitentiary for not less than two nor more than ten years.

The judgment as reformed is affirmed.

Opinion approved by the Court.