Bernard Norman FAULKNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 51235.

Court of Criminal Appeals of Texas.

Nov. 17, 1976.

Concurring Opinion On State's Motion For Rehearing April 20, 1977.

Victor R. Blaine, Houston, for appellant.

Carol S. Vance, Dist. Atty. and James C. Brough and Edward A. Dodd, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for the possession of marihuana. A jury found appellant guilty and the court assessed his punishment at five years' probation. The offense occurred on February 8, 1974 and trial commenced on October 22, 1974.

Officers Franks and Holloway of the Houston Police Department stopped appellant and a passenger in their car on an access road to the Gulf Freeway around

11:00 on the night in question. Both officers testified that their attention was drawn to appellant's vehicle by the fact that it was driving slowly and bore out-of-county tags, and by the fact that the people in the car seemed "cautious" or "conscious" of the officers' proximity to them. They testified that they stopped the car to check the operator's license and to see if the car was stolen; the operator's license was checked as a matter of routine and the only cause the officers had to believe the vehicle was stolen was a "hunch."

Appellant and Officer Franks both got out of their vehicles and met between them, at which time appellant produced a valid Texas operator's license upon request. At the same time, Officer Holloway walked around appellant's vehicle and ascertained that it bore a valid inspection sticker. He then shined his flashlight into the automobile and spotted a pistol in plain view on the floorboard. A search of the appellant, the passenger, and the automobile revealed some live rounds of .45 caliber ammunition, some white powder, some pills, and a large sum of money. The officers were unable to open the trunk. Appellant and his passenger were arrested and a wrecker was summoned to tow the car away.

The automobile was left outside the gates of a private salvage yard where the proprietor discovered it the next morning. He testified that the trunk popped open when he attempted to tow the car into the yard. In the trunk, he saw four or five pounds of marihuana. A passing motorcycle policeman was flagged down and turned the material over to the narcotics division.

Appellant challenges the legality of his initial arrest and search, and thus the admissibility of the marihuana found at the end of the chain of events which followed. He filed a motion to suppress prior to trial and his objection to the admission of the evidence during trial was overruled. If the initial arrest was invalid, the marihuana later found would be subject to suppression under the "fruit of the poisonous tree" doctrine of *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

■ The initial stop of appellant and his passenger was not justified by probable cause to believe that any crime had been or was being committed. The officers saw no evidence of any traffic offenses. The inarticulate hunch, suspicion, or good faith of the officer in suspecting the car to be stolen was insufficient to constitute probable cause for an arrest, or even a temporary detention. *Talbert v. State,* 489 S.W.2d 309 (Tex.Cr.App.1973); *Brown v. State,* 481 S.W.2d 106 (Tex.Cr.App.1973). The out-of-county tags and slow driving of the appellant were not evidence of any wrongdoing. And the "caution" of the car's occupants in the presence of the police officers did not rise to the level of probable cause, either. *Wilson v. State,* 511 S.W.2d 531 (Tex.Cr.App.1974); *Brown v. State,* 481 S.W.2d 106, 112 (Tex.Cr.App.1972).

■ However, Texas law does give peace officers the right to stop and detain motorists for the limited purpose of checking their operators' licenses. *Leonard v. State,* 496 S.W.2d 576 (Tex.Cr.App.1973); *Black v. State,* 491 S.W.2d 428 (Tex.Cr.App.1973). Section 13 of Art. 6687b, V.A.C.S. provides in part, ". . . . Any peace officer may stop and detain any motor vehicle operator for the purpose of determining whether such person has an operator's license as required by this Section." This provision does not authorize fishing expeditions, however. *Pruitt v. State,* 389 S.W.2d 475 (Tex.Cr.App.1965), overruled on other grounds in *Onofre v. State,* 474 S.W.2d 699 (Tex.Cr.App.1972).

The question then becomes: What was the reason for the stop of appellant's vehicle? There was extensive testimony from both officers on this question both at the hearing on the motion to suppress and at the trial. Although the operator's license check was advanced as one reason for the detention, it was explained that this was merely a matter of routine in all such situations. The real reason for the stopping of appellant's automobile would appear to have been its out-of-county tags and the slow, "cautious" driving of its driver. Offi-

cer Franks, who made the decision to stop appellant, testified as follows:

"Q (by Mr. Blaine) You stopped him because he was driving fifteen or twenty miles per hour and he seemed to be conscious of your presence and the license plates on the car were from some other county?

"A Yes sir.

"Q That's the only reason you stopped him?

"A Yes sir.

\*      \*      \*      \*      \*      \*

"Q You were the one that decided first to stop the vehicle?

"A Yes sir.

"Q Am I correct on the reasons you were going to stop it?

"A We were going to see if the plates were stolen or the car was stolen and check his driver's license.

"Q If he had been driving at thirty or thirty five miles per hour and had not seemed to be conscious of your presence and he had had Harris County license plates, then you would not have stopped him to check his driver's license? ·

"A Probably not."

In the case of *Hall v. State,* 488 S.W.2d 788 (Tex.Cr.App.1973), a police officer stopped the defendant for failure to signal a right turn and discovered a gun under the driver's seat. After holding the traffic arrest invalid, this Court noted that the defendant's detention could not be justified under Sec. 13 of Art. 6687b, V.A.C.S., either. When the arresting officer in that case was asked if he would have stopped the defendant for a license check if the defendant had continued in a normal manner without apparently violating any laws, the officer replied, "I doubt very seriously that I would have."

Even if it could be said that appellant's detention was justified on the basis of Art. 6687b, Sec. 13, V.A.C.S., the officers' subsequent actions further infringed on appellant's rights under our state and federal constitutions.

A New Mexico officer used a statute very similar to Sec. 13 of Art. 6687b in stopping a man and searching the trunk of his car in *State v. Bloom,* 19 Cr.L. 2060 (N.Mex.App., March 16, 1976). The court there said that the officer could not use such a regulatory statute as an excuse to check out his suspicions. "However, the actions of the police must be in conformity with the constitutional requirements of the Fourth Amendment. See *Carroll v. U.S.,* 267 U.S. 132, [45 S.Ct. 280, 69 L.Ed. 543], *U.S. v. Jenkins,* 528 F.2d 713 (10th Cir. 1975). When the detention permitted by the statute becomes a mere subterfuge or excuse for some other purpose which would not be lawful the actions then become unreasonable and fail to meet the constitutional requirement. *Murphy v. State,* 194 Tenn. 698, 254 S.W.2d 979."

The reasons given for the police officer's detention of the defendant in *Pruitt,* supra, were likewise suspect, although the operator's license check was given as one of them. This Court wrote,

"Assuming however, that the patrolman did stop appellant to check his driver's license, then the patrolman had no right to make a search as incident to this stopping  .   .  .. Here, the appellant had in his possession and presented to the officer a valid, unexpired driver's license. This finding terminated the patrolman's responsibility in this matter."

The search condemned in *Pruitt* was the mere shining of a flashlight in the back seat of defendant's automobile. The light revealed a case of wine which would have been in plain view in the daylight. *Onofre v. State, supra,* overruled *Pruitt* to this extent, stating that, "The plain view rule does not go into hibernation at sunset." But *Pruitt's* discussion of the limitations on the scope of an investigation based on an operator's license check remain valid, as the discussion in *Marshall v. United States,* 422 F.2d 185, 189 (5th Cir. 1970) makes clear.

As in the cases of *Pruitt,* supra, and *Bloom,* supra, there is much testimony in the instant case that the officers' detention of appellant was for more than just a rou-

tine license check. Even giving them the benefit of this doubt, however, it appears that their investigation here went beyond the purposes which justified its initiation.

In this case, the purpose of the detention was strictly limited by Art. 6687b, Sec. 13, V.A.C.S., and was accomplished when Officer Franks was shown the valid operator's license. Officer Holloway's examination of the inspection sticker and the interior of the car clearly went beyond the purpose for which the stop was made. (Art. 6701d, Sec. 140, V.A.C.S., concerning inspection stickers, does not permit detention as does Art. 6687b, Sec. 13). The scope of an investigation cannot exceed the purposes which justified its initiation. *Maldonado v. State,* 528 S.W.2d 234 (Tex.Cr.App.1975).

The case of *Black v. State,* supra, involved a similar expansion of the scope of Art. 6687b when the detaining officer, after ascertaining the driver's possession of a valid license, went looking in the car for registration papers. The sight of a pistol in plain view and the subsequent discovery of marihuana were beyond the purpose of the initial investigation. This Court's holding to the contrary in *Black v. State,* supra, is overruled.

Likewise the officers' investigation went beyond that authorized by Art. 6687b in this case. The discovery of the pistol and subsequent events were therefore "fruits of the poisonous tree." *Wong Sun v. United States,* supra.

For these reasons, the judgment is reversed and the cause remanded.

DOUGLAS, J., dissents.

## CONCURRING OPINION ON STATE'S MOTION FOR REHEARING

PHILLIPS, Judge.

The majority denies the state's motion for leave to file a motion for rehearing without written opinion. The writer was not a member of this Court when the original opinion was handed down. Therefore the following remarks concern my views on the issues raised.

The burden of proof is on the State to establish valid legal grounds for any involuntary detention of one's person. *Terry v. Ohio,* 396 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612; *Hooper v. State,* 516 S.W.2d 941 (Tex.Cr.App.). To legally justify a stop under Sec. 13 of Art. 6687b, V.A.C.S., the burden is on the State to prove that the *actual purpose* of the stop is to determine whether the operator has a driver's license. The State clearly failed to satisfy said burden. This being so, unless the proof factually shows suspicious circumstances or conduct to have been brought to the attention of the officer, visually or through report, which would reasonably motivate a diligent officer to stop appellant to procure information or an explanation, said stopping of appellant was an unlawful violation of his Fourth and Fourteenth Amendment rights and the evidence procured as a direct result of said unlawful stop must be excluded under the doctrine of *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441.

If classified according to a numerical scale of probative evidence of suspicious conduct or circumstances, the fact that an automobile operated on a public street bears an out of county license plate would rate zero. The fact that an operator of a motor vehicle is operating same twenty miles per hour within a city would rate zero. The officer's *conclusion* that appellant seemed to be conscious of the officer's presence and cautious by reason thereof, even if deemed factual, would rate another zero. Obviously, the total of the State's evidence of suspicious conduct and circumstances is zero.

The doctrine of "Temporary Investigative Detention" must not be permitted by this Court to be used as a pretext or factually unjustified restriction on the individual's freedom of movement. Such doctrine should be inelastically held by this Court to require the existence of factually suspicious circumstances or conduct as an absolute prerequisite to the right of an officer to do so.

## DISSENTING OPINION ON STATE'S MOTION FOR REHEARING

DOUGLAS, Judge.

The majority denies the State's motion for leave to file a motion for rehearing. The opinion reversing the conviction relies in a large part on *Pruitt v. State*, 389 S.W.2d 475 (Tex.Cr.App.1965), which has been overruled in *Onofre v. State*, 474 S.W.2d 699 (1972). The majority stresses that there was no probable cause for an arrest. No probable cause is required before an officer can stop a motorist even if the detention is for a license check. There is a distinction between detention and an arrest.

The worst part of the majority opinion is the dictum that an officer stopping someone legally cannot look inside an automobile. The majority writes: "The scope of an investigation cannot exceed the purposes which justified its initiation." The majority also overrules *Black v. State*, 491 S.W.2d 428 (Tex.Cr.App. 1973), which held that where an officer legally stopped a motorist to determine if he had an operator's license a pistol which was in plain view in the car was admissible in evidence. After the majority opinion, officers cannot for their own protection take a pistol which is in plain view after a car has been legally stopped because the sight of the pistol is illegal, under the rule that "[t]he scope of an investigation cannot exceed the purpose which justified its initiation." Now an officer cannot shine a flashlight into a car that has been legally stopped. If he does so he cannot testify about what he sees. If an officer sees a murder victim between the seats of a car, the apparent reasoning of the majority would be that the officer could not testify about finding the body because the detention was for a license check. Would the same rule apply if an officer sees a murder being committed in a car?

A good rule heretofore followed by this Court is that an officer may take contraband which is in plain view if he has a right to be where he is. See *Valdez v. State*, 472 S.W.2d 754 (Tex.Cr.App. 1971). That rule,

based on reason and common sense, should not be set aside.

The motion for rehearing should be granted and the judgment should be affirmed.