**Alfred Ray JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57668.**

Court of Criminal Appeals of Texas, Panel No. 3.

June 14, 1978.

---

W. J. Goodwin, Beaumont, court appointed, for appellant.

Tom Hanna, Dist. Atty. and John R. DeWitt, Asst. Dist. Atty., Beaumont, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from an order revoking probation.

On June 20, 1977, appellant entered a plea of guilty before the court to the offense of theft over $200. Punishment was assessed at 7 years and a fine of $750, but the imposition of the 7 years was suspended and the appellant was placed on probation.

Among the terms and conditions of appellant's probation was the following: "a. Commit no offense against the laws of Texas, any other State, the United States or any other governmental entity." On August 1, 1977, a motion to revoke appellant's probation was filed. The motion to revoke alleged that appellant had violated condition "a" of his probation:

"By committing the offense of possession of Marijuana in that on or about the 21st day of July, 1977, in Jefferson County, Texas, Alfred Ray Jones did then and there knowingly and intentionally possess a usable quantity of marijuana of two ounces or less, against the peace and dignity of the State."

On August 31, 1977, the trial court held a hearing on the motion to revoke appellant's probation. After the hearing, the court entered an order revoking appellant's probation.

The appellant complains of the trial court's action in overruling his motion to suppress the marihuana which forms the basis of this revocation. Specifically, appellant complains that the marihuana was the fruit of an illegal investigation stop by the police.

The record reflects that on July 21, 1977, at about 12:10 in the afternoon, Beaumont Police Officers Robert Eastepp and J. Evans were on routine patrol when they first saw the appellant. Officer Eastepp testified as follows about how appellant was first observed:

"We were on patrol in the Pear Orchard area of town, a black neighborhood. As we proceeded down Hebert Street we observed two black males and a white male walking fast on Hebert Street. As we were approaching them the white male turned around and looked at us and then he quickly stuffed an object in his right back pocket. At this time we pulled up by them and I got out of the car to talk to him."

Eastepp identified the white man as the appellant. Eastepp asked appellant what he had in his pocket, and appellant handed him some cigarette papers. He then asked what else appellant had in his pocket. Appellant started to reach into his pocket, but the officer stopped him. Appellant then started running from the scene. As he ran, he pulled a plastic bag from his pocket and tried to empty its contents. Eastepp caught the appellant and seized the remaining contents of the bag, which was stipulated at the hearing to be less than two ounces of marihuana.

In *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), the Supreme Court said:

"The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. * * * A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information may be most reasonable in light of the facts then known."

See also: *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.

This Court has frequently said that circumstances short of probable cause may justify temporary detention for the purpose of an investigation, since an investigation is considered to be a lesser intrusion upon the personal security of the individual. See *Armstrong v. State*, Tex.Cr.App., 550 S.W.2d 25, and cases there cited. In *Armstrong*, this Court set down the test for allowing brief stops without probable cause:

"There must be a reasonable suspicion by the law enforcement officer that some activity out of the ordinary is or had occurred, some suggestion to connect the detained person with the unusual activity and some indication that the activity is related to crime."

On the facts of the instant case, we cannot say that the above test was met. At trial, Officer Eastepp gave two reasons for initially detaining appellant: 1. as the police car approached, appellant looked at it and then placed his hand in his pocket; and 2. appellant was a white man walking with two black men in an all-black neighborhood. The incident occurred near noon and there is no indication that this was a high crime area. We cannot say that either of these activities can properly be classified as "out of the ordinary." More importantly, they certainly give no indication of in any way being connected to crime. Officer Eastepp confirmed the lack of any indication of criminal behavior when he testified as follows on cross-examination:

"Q. * * * Was there any indication of any criminal activity up until this point when you stopped and asked him what he had in his pocket?

"A. No.

"Q. None, whatsoever?

"A. No."

Since there was absolutely no basis for Eastepp to believe that appellant was in any way connected with criminal activity, the original detention of appellant was illegal.

The marihuana in the instant case was seized as a result of this initial illegal detention of appellant. It was error for the trial court to refuse to suppress the evidence in question. See: *Ceniceros v. State*, Tex.Cr. App., 551 S.W.2d 50; *Faulkner v. State*, Tex.Cr.App., 549 S.W.2d 1.

The judgment is reversed and the cause remanded.