Rodolfo Cruz RAZO, Appellant,

v.

The STATE of Texas, Appellee.

No. 58698.

Court of Criminal Appeals of Texas,
Panel No. 3.

Jan. 24, 1979.

Rehearing En Banc Denied
March 21, 1979.

Knox Jones, McAllen, for appellant.

Leslie E. Reed, Asst. Dist. Atty., Edinburg, for the State.

Before DOUGLAS, ROBERTS and DALLY, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for possession of more than four ounces of marihuana. The court found appellant guilty and assessed his punishment at a one-hundred-dollar fine and five years' imprisonment, probated.

Appellant's sole contention is that the marihuana admitted into evidence was the fruit of an unreasonable search and seizure, and therefore should have been excluded by the court. We affirm.

The record reflects that at approximately 8:45 a. m. on September 24, 1977, Department of Public Safety Officers Buckley and Starnes, pursuant to the authority granted by Tex.Rev.Civ.Stat.Ann., Art. 6687b, Sec. 13,[1] were conducting a routine driver's license check. The officers stated that they were stopping every car on U.S. Highway 281, approximately seven miles north of San Manuel. After the officers stopped appellant, Buckley walked up to appellant's vehicle, a station wagon, identified himself, and requested to see the appellant's operator's license. At about this time, Buckley smelled a strong odor of marihuana emanating from the inside of the station wagon. After appellant presented a valid Texas operator's license, Buckley walked to the rear of the station wagon and detected even a stronger odor of marijuana. He then loosened a screw which held a panel on the vehicle's rear door and there discovered inside the door a large quantity of marihuana, more of which was found under the vehicle's rear seat; a total of fifty-one pounds of marihuana was recovered as a result of this search.

Appellant places full reliance on our decision in *Faulkner v. State,* 549 S.W.2d 1 (Tex.Cr.App.1976) as authority for his contention that the search in the present case

was violative of his state and federal constitutional rights. See Tex.Const., Art. I, Sec. 9; U.S.Const., Amend. IV. We conclude, however, that *Faulkner* is inapposite to the present case; appellant's reliance is misplaced.

In *Faulkner,* police officers stopped the car driven by Faulkner because they had a suspicion or hunch that the car was stolen.[2] The State attempted to justify the officers' action by the authority granted to peace officers by Art. 6687b, supra. After Faulkner, who was standing between his car and the police car, presented a valid Texas operator's license, the officers, still unsatisfied, walked over to Faulkner's car, checked the vehicle inspection sticker, shined a flashlight into the car and observed a pistol lying on the floorboard. A search of Faulkner's person produced several live rounds of .45 caliber ammunition, some white powder, some pills and a large sum of money. Faulkner was then arrested and his car was towed to a private salvage yard where, the next morning, the proprietor inadvertently discovered several pounds of marihuana in the trunk. In concluding that the arrest of Faulkner and the incident seizure of the marihuana was unlawful, we recognized that although Art. 6687b, supra, authorizes officers to stop and detain motorists for the limited purpose of checking their operator's license, it does not authorize fishing expeditions. *Faulkner* at 2, supra. We finally concluded that even if the officers were justified in detaining Faulkner under Art. 6687b, supra, in order to check his operator's license, once that was accomplished they did not possess sufficient probable cause to detain him for the further investigation which resulted in his arrest and subsequent seizure of contraband.

■ This Court in the past has upheld the validity of temporary detentions autho-

---

1. Article 6687b, supra, provides in relevant part as follows:

   ". . . Any peace officer may stop and detain any motor vehicle operator for the purpose of determining whether such person has an operator's license as required by this Section."

2. Police officers testified that they stopped Faulkner because he was driving slowly and seemed "cautious" or "conscious" of the officers' proximity and also because the car he was driving bore out-of-county license plates.

rized by Art. 6687b, supra, under circumstances which show the check of the driver's license to be the *sole* purpose for detention. See *Fatemi v. State,* 558 S.W.2d 463, 465 (Tex.Cr.App.1977), and cases there cited. On the other hand, the mere asking for a driver's license will not validate the stopping of an automobile if it is clear the license check was not the reason for the initial detention. *Fatemi v. State,* supra.

 It is true, as we said in *Faulkner,* that the scope of an investigation cannot exceed the purposes which justified its initiation; however, a qualification of this rule, which went unstated in *Faulkner* because it was not presented by the facts of the case, is that if, while questioning a motorist regarding the operation of his vehicle, an officer sees evidence of a criminal violation in open view, *or in some other manner acquires probable cause* on a more serious charge, he may arrest for that offense and incident thereto conduct an additional search for the physical evidence. *Attwood v. State,* 509 S.W.2d 342 (Tex.Cr.App.1974), and authority there cited.

 In the present case, unlike *Faulkner,* it is uncontroverted that the officers who conducted the search of appellant's vehicle were, prior thereto, conducting a routine driver's license check on U.S. Highway 281; while they were in the process of checking appellant's driver's license, one of the officers detected a strong smell of marihuana; when he went to the rear of the vehicle, the odor of marihuana became even stronger; it was then that he removed the rear door panel and discovered the contraband in question. Thus, during the legitimate detention of appellant, the officers acquired additional probable cause to believe a more serious charge was being committed and were therefore justified in searching appellant's vehicle. Under these facts, we conclude that the contraband seized was properly admitted into evidence. See *Tardiff v. State,* 548 S.W.2d 380 (Tex.Cr.App.1977); *Leonard v. State,* 496 S.W.2d 576 (Tex.Cr.App.1973). As we stated in *Tardiff,* supra:

"Appellant concedes that the officer was justified in his initial stop of the car,

for his authority for this act is without question. Art. 6687b, Sec. 13, Vernon's Ann.C.S. However, appellant seems to think that as soon as the officer hands the license back to the driver a veil falls to block out his view of any activity in the automobile. We cannot agree. Any articulable facts and circumstances which come into the officer's knowledge during the license check, or, for that matter, at any other time, may justify further investigation." (Citations omitted.) Ibid at 382.

The judgment is affirmed.