NO. 07-05-0131-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MAY 31, 2006


______________________________



RUDY BYRON, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 49,447-E; HON. APE LOPEZ, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Rudy Byron (appellant) pled guilty to the offense of possessing over 50 pounds of
marijuana. He challenges his conviction by contending the trial court erred in denying his
motion to suppress. We overrule his issue and affirm the judgment.

 Background

 Appellant was stopped by a trooper on Interstate 40 for a traffic violation. After
issuing appellant warning tickets, the officer asked for consent to search appellant's
vehicle. When appellant refused, the officer detained him an additional eight minutes to
wait for a drug detection dog to be brought to the scene and sniff the vehicle. Upon its
arrival, the dog sniffed the vehicle and indicated the presence of drugs. Fifty-three pounds
of marijuana subsequently were found in it. 

 Law and Its Application

 We review the trial court's ruling on a motion to suppress under the standard
announced in Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997). Thus, we give
almost total deference to the trial court's findings of historical fact and review de novo its
application of the law to the facts. Id. at 89. 

 Appellant does not challenge the legality of the initial stop but contends that his
continued detention for the canine officer once he had received the warning tickets was
unjustified. A temporary detention to allow an olfactory inspection by a police dog trained
to detect the odor of illegal narcotics does not violate the Fourth Amendment when based
on reasonable suspicion that narcotics are present. Crockett v. State, 803 S.W.2d 308,
311 n.7 (Tex. Crim. App. 1991). After an initial traffic stop, an officer is entitled to rely on
all of the information obtained during the course of his contact with the driver in developing
the articulable facts that justify a continued detention. Razo v. State, 577 S.W.2d 709, 711
(Tex. Crim. App. 1979); Powell v. State, 5 S.W.3d 369, 377 (Tex. App.-Texarkana 1999,
pet. ref'd), cert. denied, 529 U.S. 1116, 120 S.Ct. 1976, 146 L.Ed.2d 805 (2000). 
Furthermore, he is entitled to request a driver's license, insurance papers, information on
the ownership of the vehicle, the driver's destination, and the purpose of the trip. Powell
v. State, 5 S.W.3d at 377; Mohmed v. State, 977 S.W.2d 624, 628 (Tex. App.-Fort Worth
1998, pet. ref'd); Ortiz v. State, 930 S.W.2d 849, 856 (Tex. App.-Tyler 1996, no pet.). It
is also reasonable to check for outstanding warrants. Powell v. State, 5 S.W.3d at 377;
Smith v. State, 840 S.W.2d 689, 692 (Tex. App.-Fort Worth 1992, pet. ref'd); Petty v.
State, 696 S.W.2d 635, 639 (Tex. App.-Dallas 1985, no pet.). 

 We believe that from the totality of the circumstances, the officer had a reasonable
basis to detain appellant here. The only witness at the suppression hearing was Officer
Steve Davis. He recited the reasons which caused him to suspect that contraband might
be found in the vehicle. They included 1) appellant rapidly exiting the highway when Davis'
vehicle approached appellant's, 2) appellant claiming he had done so because he needed
to purchase gas though his gas tank was three-quarters full, 3) appellant being "unduly
nervous," i.e. sweating even though it was approximately 7:00 a.m. on a cool March day,
4) appellant, 70 and retired, claiming to have left his home in Indiana on March 4 to see
his daughter in a basketball game in Arizona on March 6th, 5) appellant later claiming that
he went to Arizona because his daughter was hurt in a basketball game, 6) evidence that
the car purportedly used to travel to Arizona was actually rented on March 7th or a day after
the alleged game, 7) the absence of appellant's name on the car rental agreement as
either the lessee or a designated driver, and 8) the generally confusing or "nonsensical"
nature of appellant's answers to the officer's questions. From the totality of these
circumstances, we believe the officer had a reasonable suspicion upon which to detain
appellant for the additional eight minutes. See Estrada v. State, 30 S.W.3d 599, 603 (Tex.
App.-Austin 2000, pet. ref'd) (holding that there was reasonable suspicion to detain when
the officer observed the presence of carpet cleaner and air freshener which are used to
hide the odor of drugs, the driver and passenger were nervous, and the statements of the
driver as to where he had been and where he was going were confusing, contradictory, and
inconsistent with those of the passenger); Powell v. State, 5 S.W.3d at 378-79 (holding that
the officer had a reasonable suspicion of criminal activity based on the defendant's
nervousness, the conflicting stories of the defendant and his passenger about the details
of their trip, the defendant's statement that he had never been arrested when the officer
found out by computer that he had, and the lack of registration of the car to either
occupant). 

 To the extent that appellant relies on McQuarters v. State, 58 S.W.3d 250 (Tex.
App.-Fort Worth 2001, pet. ref'd) to contend otherwise, we find the case distinguishable. 
Unlike the circumstances here, those present in McQuarters did not include the officer
catching the detainee in a lie; that missing indicia was of import to the McQuarters court. 
Id. at 257. And, it is present here. Nor is Wolf v. State, 137 S.W.3d 797 (Tex. App.-Waco
2004, no pet.), another case cited to us by appellant, controlling. There, the only indicia
present were nervousness and extreme cooperation. Id. at 804. We have more here,
such as deception by appellant and a vehicle rented by some third party without
designating appellant as a driver. (1) 

 Accordingly, we overrule appellant's issue and affirm the judgment.


 Brian Quinn

 Chief Justice


Do not publish. 

1. Evidence of deception and contradictory stories were also lacking in Davis v. State, 947 S.W.2d 247
(Tex. Crim. App. 1997) and Veal v. State, 28 S.W.3d 832 (Tex. App.-Beaumont 2000, pet. ref'd.), other of
appellant's cases. 


 854, 858 (Tex.App.-Houston [1st Dist.] 1991, no writ) (on
remand). In setting child support payments, a trial court is accorded broad discretion and,
absent a clear abuse of discretion, the trial court's order will not be disturbed on appeal. 
See DuBois v. DuBois, 956 S.W.2d 607, 610 (Tex.App.-Tyler 1997, no pet.), and In the
Interest of P.J.H., 25 S.W.3d 402, 405 (Tex.App.-Fort Worth 2000, no pet.). In deciding
whether a trial court has abused its discretion, we must first determine whether the court
acted without reference to any guiding rules or principles, in other words, arbitrarily or
unreasonably. DuBois, 956 S.W.2d at 610. In making that decision, we must view the
evidence in a light most favorable to the court's action and indulge every legal presumption
in favor of the judgment. Id. If some probative and substantive evidence supports the
judgment, the trial court did not abuse its discretion. Id.

 We do not agree with Derek's contention that the additional support for the minor
disabled child and the retroactive child support orders were improper because that relief
was not specifically requested and therefore he had no notice of either claim. The trial
court acted within the guidelines set out in the Family Code. With regard to the additional
support of the disabled minor, Texas law generally allows a court to order periodic child
support payments in an amount other than those established by the guideline if the
evidence rebuts the presumption that their application is in the best interest of the child
and justifies a departure from the guidelines. Tex. Fam. Code Ann. § 154.123 (Vernon
1996). One of the enumerated factors the trial court may consider is any special or
extraordinary educational, health care, or other expenses of the parties or of the child. Id. 
There was evidence here that the child was mentally retarded and requires special care. 
The trial court did not abuse its discretion in awarding additional support for the disabled
minor child.

 Likewise, the trial court did not abuse its discretion in awarding the retroactive child
support. The Family Code provides that when determining retroactive child support, the
court shall consider whether the obligor has provided actual support or other necessities
before the filing of the action. Tex. Fam. Code Ann. § 154.131(b)(4) (Vernon 1996). At
trial, Alice presented evidence that Derek had failed to provide support for the seven
months preceding trial. Under this circumstance, the trial court did not abuse its discretion
in awarding retroactive child support. Derek's third issue is overruled.

 In sum, all of Derek's issues are overruled and the judgment of the trial court is
affirmed. 


 John T. Boyd

 Chief Justice



Johnson, J., concurs.




Do not publish.