NO. 07-05-0131-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 31, 2006
_____

RUDY BYRON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 49,447-E; HON. APE LOPEZ, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Rudy Byron (appellant) pled guilty to the offense of possessing over 50 pounds of marijuana. He challenges his conviction by contending the trial court erred in denying his motion to suppress. We overrule his issue and affirm the judgment.

*Background*

Appellant was stopped by a trooper on Interstate 40 for a traffic violation. After issuing appellant warning tickets, the officer asked for consent to search appellant's vehicle. When appellant refused, the officer detained him an additional eight minutes to

wait for a drug detection dog to be brought to the scene and sniff the vehicle. Upon its arrival, the dog sniffed the vehicle and indicated the presence of drugs. Fifty-three pounds of marijuana subsequently were found in it.

*Law and Its Application*

We review the trial court's ruling on a motion to suppress under the standard announced in *Guzman v. State,* 955 S.W.2d 85 (Tex. Crim. App. 1997). Thus, we give almost total deference to the trial court's findings of historical fact and review *de novo* its application of the law to the facts. *Id.* at 89.

Appellant does not challenge the legality of the initial stop but contends that his continued detention for the canine officer once he had received the warning tickets was unjustified. A temporary detention to allow an olfactory inspection by a police dog trained to detect the odor of illegal narcotics does not violate the Fourth Amendment when based on reasonable suspicion that narcotics are present. *Crockett v. State,* 803 S.W.2d 308, 311 n.7 (Tex. Crim. App. 1991). After an initial traffic stop, an officer is entitled to rely on all of the information obtained during the course of his contact with the driver in developing the articulable facts that justify a continued detention. *Razo v. State,* 577 S.W.2d 709, 711 (Tex. Crim. App. 1979); *Powell v. State,* 5 S.W.3d 369, 377 (Tex. App.–Texarkana 1999, pet. ref'd), *cert. denied,* 529 U.S. 1116, 120 S.Ct. 1976, 146 L.Ed.2d 805 (2000). Furthermore, he is entitled to request a driver's license, insurance papers, information on the ownership of the vehicle, the driver's destination, and the purpose of the trip. *Powell v. State,* 5 S.W.3d at 377; *Mohmed v. State,* 977 S.W.2d 624, 628 (Tex. App.–Fort Worth 1998, pet. ref'd); *Ortiz v. State,* 930 S.W.2d 849, 856 (Tex. App.–Tyler 1996, no pet.). It is also reasonable to check for outstanding warrants. *Powell v. State,* 5 S.W.3d at 377;

2

*Smith v. State,* 840 S.W.2d 689, 692 (Tex. App.–Fort Worth 1992, pet. ref'd); *Petty v. State,* 696 S.W.2d 635, 639 (Tex. App.–Dallas 1985, no pet.).

We believe that from the totality of the circumstances, the officer had a reasonable basis to detain appellant here. The only witness at the suppression hearing was Officer Steve Davis. He recited the reasons which caused him to suspect that contraband might be found in the vehicle. They included 1) appellant rapidly exiting the highway when Davis' vehicle approached appellant's, 2) appellant claiming he had done so because he needed to purchase gas though his gas tank was three-quarters full, 3) appellant being "unduly nervous," *i.e.* sweating even though it was approximately 7:00 a.m. on a cool March day, 4) appellant, 70 and retired, claiming to have left his home in Indiana on March 4 to see his daughter in a basketball game in Arizona on March 6th, 5) appellant later claiming that he went to Arizona because his daughter was hurt in a basketball game, 6) evidence that the car purportedly used to travel to Arizona was actually rented on March 7th or a day after the alleged game, 7) the absence of appellant's name on the car rental agreement as either the lessee or a designated driver, and 8) the generally confusing or "nonsensical" nature of appellant's answers to the officer's questions. From the totality of these circumstances, we believe the officer had a reasonable suspicion upon which to detain appellant for the additional eight minutes. *See Estrada v. State,* 30 S.W.3d 599, 603 (Tex. App.–Austin 2000, pet. ref'd) (holding that there was reasonable suspicion to detain when the officer observed the presence of carpet cleaner and air freshener which are used to hide the odor of drugs, the driver and passenger were nervous, and the statements of the driver as to where he had been and where he was going were confusing, contradictory, and inconsistent with those of the passenger); *Powell v. State,* 5 S.W.3d at 378-79 (holding that

3

the officer had a reasonable suspicion of criminal activity based on the defendant's nervousness, the conflicting stories of the defendant and his passenger about the details of their trip, the defendant's statement that he had never been arrested when the officer found out by computer that he had, and the lack of registration of the car to either occupant).

To the extent that appellant relies on *McQuarters v. State,* 58 S.W.3d 250 (Tex. App.–Fort Worth 2001, pet. ref'd) to contend otherwise, we find the case distinguishable. Unlike the circumstances here, those present in *McQuarters* did not include the officer catching the detainee in a lie; that missing indicia was of import to the *McQuarters* court. *Id.* at 257. And, it is present here. Nor is *Wolf v. State*, 137 S.W.3d 797 (Tex. App.–Waco 2004, no pet.), another case cited to us by appellant, controlling. There, the only indicia present were nervousness and extreme cooperation. *Id.* at 804. We have more here, such as deception by appellant and a vehicle rented by some third party without designating appellant as a driver.[1]

Accordingly, we overrule appellant's issue and affirm the judgment.


Brian Quinn
Chief Justice

Do not publish.

---

[1]Evidence of deception and contradictory stories were also lacking in *Davis v. State*, 947 S.W.2d 247 (Tex. Crim. App. 1997) and *Veal v. State*, 28 S.W.3d 832 (Tex. App.–Beaumont 2000, pet. ref'd.), other of appellant's cases.