

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00017-CR

NEIL E. LAWRENCE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 66,650-E, Honorable Douglas Woodburn, Presiding

August 1, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Neil E. Lawrence appeals his conviction for possessing 101 pounds of marijuana. On appeal, he challenges the trial court's denial of his motion to suppress. We affirm.

On November 17, 2012, at around 2:45 p.m., Department of Public Safety Trooper Jared Snelgrooes was traveling westbound on Interstate 40 when he observed a vehicle going eastbound. He admittedly profiled the vehicle because it was a "clean" car, with a single male driver, exhibiting an out-of-state license plate, and traveling east. Snelgrooes executed a U-turn and began to follow the vehicle. When he observed it

drive onto the shoulder of the road as it exited the highway,[1] he conducted a traffic stop. The car was a rental car with a Nevada license plate. Snelgrooes requested appellant, who was the driver, to step back and sit in the trooper's vehicle. Appellant had a Pennsylvania driver's license and explained to the trooper that he picked the car up in Phoenix and was traveling to some unspecified location in Oklahoma to visit a friend. He was then returning to Phoenix to pursue a job opportunity. The trooper noted that the car rental agreement had expired two days previously, and appellant responded that he would contact the rental company.

Snelgrooes testified that halfway through the traffic stop, he felt that appellant was not being truthful. His suspicions were based on appellant being vague as to the exact location where he was going, how long he would be there, his failure to give direct answers but his willingness to give information for which he was not asked, his failure to make eye contact, his nervous appearance but calm speaking voice, and the erratic nature of his hands and feet. Snelgrooes stated that appellant's demeanor was not consistent with the demeanor of those he usually stops for traffic violations, and based upon his experience and training, he believed there was a possibility of illegal activity occurring.[2] After clearing appellant of warrants but prior to concluding the traffic stop, Snelgrooes asked for consent to search. When appellant refused, the trooper detained him approximately thirty-seven minutes for the arrival of a drug dog. The dog alerted on the vehicle, and the marijuana was located inside. Appellant argues that the traffic stop could have been concluded prior to the arrival of the drug dog and the trooper had no reasonable suspicion to detain him until that occurred.

---

[1] The traffic violation was driving on an improved shoulder when prohibited.

[2] The trooper testified he has conducted many drug investigations along Interstate 40.

We review a ruling on a motion to suppress under the standard discussed in *Fienen v. State*, 390 S.W.3d 328, 335 (Tex. Crim. App. 2012) and *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). It requires us to defer to the trial court's determination of historical facts and review questions of law *de novo*. *Guzman v. State*, 955 S.W.2d at 89. During a routine traffic stop, an officer may 1) check for outstanding warrants, 2) request a driver's license, liability insurance, and vehicle ownership information, and 3) seek information as to the destination and purpose of the trip. *Veal v. State*, 28 S.W.3d 832, 835 (Tex. App.—Beaumont 2000, pet. ref'd). However, an investigative detention may last no longer than necessary to effectuate the purposes of the stop. *Strauss v. State*, 121 S.W.3d 486, 491 (Tex. App.—Amarillo 2003, pet. ref'd). Therefore, police may not prolong a traffic stop beyond the time reasonably required to accomplish its purpose simply to give them time to bring a drug dog. *State v. Weaver*, 349 S.W.3d 521, 529 (Tex. Crim. App. 2011), *citing Illinois v. Caballes*, 543 U.S. 405, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005). Nevertheless, if during the stop, the officer learns additional facts and information that forms the basis for a reasonable suspicion that another crime has been or is being committed, the detention may be prolonged. *See Razo v. State*, 577 S.W.2d 709, 711 (Tex. Crim. App. 1979).

Appellant argues that the innocuous behavior relied upon by the trooper could not give rise to reasonable suspicion. Being nervous and overly cooperative is not a basis for reasonable suspicion, *Wolf v. State*, 137 S.W.3d 797, 800-801 (Tex. App.—Waco 2004, no pet.) and neither is being nervous and refusing to answer a question. *Wade v. State*, 422 S.W.3d 661, 670 (Tex. Crim. App. 2013) (stating that the totality of the circumstances "must be sufficiently distinguishable from that of innocent people

3

under the same circumstances as to clearly, if not conclusively, set the suspect apart from them," *quoting Crockett v. State*, 803 S.W.2d 308, 311 (Tex. Crim. App. 1991)). However, additional facts may provide the reasonable suspicion. *See Byron v. State*, No. 07-05-00131-CR, 2006 Tex. App. LEXIS 4650, at 5 (Tex. App.—Amarillo May 31, 2006, pet. ref'd) (not designated for publication) (noting that in addition to nervousness, there was deception in the defendant's answers to questions and a vehicle rented by a third party without designating the defendant as a driver); *Serbantez v. State*, No. 07-04-00406-CR, 2006 Tex. App. LEXIS 4653, at *6 (Tex. App.—Amarillo May 31, 2006, pet. ref'd) (not designated for publication) (finding reasonable suspicion when the defendant was nervous, shaking, and pacing, two passenger in the vehicle would not look at the officer, one of the passengers the officer recognized from having arrested her previously on a drug-related charge, and when he asked her if she had contraband, she replied, "Not on me.").

The record here reveals the presence of 1) appellant's vague answers to questions propounded by the officer regarding his destination, 2) answers being so vague that the trooper "pretty much stop[ped] the conversation and [said] . . . you've completely lost me," 3) "erratic" hand and foot movement indicative of nervous behavior, 4) appellant's nervous behavior growing when, according to the trooper, informing a detainee that he would be getting a warning normally calmed down the average detainee, 5) appellant's failure to make eye contact, 6) appellant's volunteering of unsolicited information, 7) appellant's driving a rental vehicle under an expired rental contract and not knowing that it had expired, and 8) appellant's having flown from Pennsylvania to Phoenix to drive to Oklahoma. Given that we are to consider the

4

totality of the circumstances, we cannot say that the trial court abused its discretion under these particular facts in denying the motion to suppress. *See Haas v. State*, 172 S.W.3d 42, (Tex. App.—Waco 2005, pet. ref'd) (finding reasonable suspicion when the defendant volunteered a lot of information, the officer believed the story was implausible and inconsistent, and the defendant became increasingly nervous and avoided eye contact).

Accordingly, we affirm the judgment of the trial court.

Per Curiam

Do not publish.