**Kenneth Carl WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 55608.

Court of Criminal Appeals of Texas, Panel No. 3.

May 24, 1978.

Rehearing En Banc Denied Jan. 10, 1979.

Donald W. Bankston, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Najla Weyant, Asst. Dist. Attys., Houston, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for possession of over four ounces of marihuana. Punishment was assessed by the court at two years and appellant was placed on probation.

In his only ground of error appellant contends the trial court erroneously overruled his motion to suppress the contraband because it was seized in an inventory search conducted after an unlawful stop of appellant's automobile. We agree and reverse the judgment.

The record reflects that around midday on April 24, 1975, officers Carroll and Kenisell of the Houston Police Department were on patrol in their police car when they observed an automobile in the parking lot of Gulfgate Mall shopping center. They watched the car as it drove around the parking lot for three or four minutes and then stopped it as it started to leave. We are here concerned only with the reasons given for this initial stop.

Officer Carroll testified there had been a rash of purse snatching at the Gulfgate Mall and parking lot. When asked what unusual behavior brought appellant to his attention, he answered, "We saw they were driving around with no purpose. They were just driving around in the parking lot." He later testified, "All I could tell you is when someone is riding around with no purpose in mind that looks suspicious to me." He admitted that no illegal behavior was observed and that neither appellant, his passenger, nor the car fit any description of a suspect or car related to purse snatchings. The other officer testified that they observed appellant driving through the Gulfgate parking lot, turned around and stopped him as he was leaving the parking lot, and asked him for his driver's license.

The State argues the stop was a valid driver's license check under Article 6687b, Sec. 13, V.A.C.S. A driver's license check may not be used as a subterfuge to cover up an unlawful stop based on mere suspicion unsupported by articulable facts

**548**

necessary for an investigative detention. *Fatemi v. State*, Tex.Cr.App., 558 S.W.2d 463; *Faulkner v. State*, Tex.Cr.App., 549 S.W.2d 1. Here the officers were suspicious of appellant "riding around with no purpose in mind." The behavior observed by the officers was as consistent with innocent activity as with criminal activity, and in fact was no ground for suspicion whatsoever. A mere hunch will not support a traffic stop. *Shaffer v. State*, Tex.Cr.App., 562 S.W.2d 853; *Scott v. State*, Tex.Cr.App., 549 S.W.2d 170; *Brown v. State*, Tex.Cr.App., 481 S.W.2d 106.

We hold the automobile stop was unauthorized and a violation of appellant's constitutional rights. The contraband discovered and seized in the course of events flowing from the initial illegal stop should have been suppressed. The ground of error is sustained.

The judgment is reversed and the cause remanded.