**Reginald P. McMILLAN, Sr., and Robert Taylor, Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 59529.**

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 19, 1980.

Rehearing Denied Jan. 14, 1981.

Robert J. Newton, Freeport, for McMillan.

Floyd Christian, Jr., Angleton, for Taylor.

Ogden Bass, Dist. Atty. and Doyle W. Neighbours, Asst. Dist. Atty., Angleton, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ODOM and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

Appellant McMillan and appellant Taylor were tried together and convicted of the offense of burglary of a vehicle and they now appeal from the convictions. The punishment imposed was imprisonment for four years for appellant McMillan and imprisonment for seven years for appellant Taylor.

The appellants contend that the trial court erred in admitting in evidence items seized pursuant to an unlawful search and seizure. The trial court conducted a pre-trial hearing to determine whether or not the questioned evidence should be suppressed. The court concluded that the items were admissible.

The testimony at the hearing reveals that on December 9, 1976, Officer Hackney and Officer Hughes of the Friendswood Police Department were on routine patrol. At 4:18 a.m., they received a call from their dispatcher to investigate a suspicious automobile seen driving slowly with its lights off in the Hut Mobile Home Park. The area was characterized as a high crime area by one of the officers. The only description of the car was that it was small and compact. On the way to the park the officers spotted an automobile near the intersection of two highways. The vehicle was about four blocks away and Officer Hackney testified, "All I could distinguish were the taillights when the brakes were placed on it." Officer Hughes stated he could not determine what color, size, or type of vehicle it was. The two officers proceeded to the Hut Mobile Home Park and failed to find the suspicious automobile. The officers then continued on their patrol and shortly thereafter, they observed an automobile driving with its lights off. The vehicle was 400 to 500 yards away and Officer Hackney stated that "[A]t that particular time it put its brakelights on where we

were able to distinguish the brakelights again. From that view we determined it was possibly the same vehicle we saw southbound on 518 we saw earlier, same vehicle along the taillights." Officer Hughes testified that he could not determine what color or kind of vehicle it was. The officers pursued the vehicle but it was able to elude them. The pair then returned to the intersection where they had seen the first vehicle. They parked their vehicle and waited. At approximately 4:55 a.m. the officers observed a maroon colored Camaro, driven by the appellants stop at the intersection. The automobile turned and the officers were able to see its taillights. The officers decided to stop the vehicle because they felt it was possibly the same vehicle they had seen earlier and also to make a "routine" driver's license check. The appellants were placed under arrest after it was determined that McMillan was wanted for a probation violation and Taylor was wanted for an outstanding traffic warrant. An inventory search revealed items stolen from a vehicle earlier that day. These items were later admitted in evidence at trial.

■ The appellants argue that the initial stop of their vehicle was not justified. Clearly, the evidence reflects that the officers were without probable cause to believe that a crime had been committed or was being committed and the officers saw the appellants commit no traffic offenses. However, circumstances short of probable cause for an arrest or a search may justify a temporary detention in order to preserve the status quo and allow further investigation. *Shaffer v. State*, 562 S.W.2d 853 (Tex.Cr.App.1978). For an investigative stop to be justified, the peace officer must have specific and articulable facts which, in the light of his experience and personal knowledge taken together with rational inferences from those facts, would reasonably warrant the intrusion of the freedom of a citizen. *Hinson v. State*, 547 S.W.2d 277 (Tex.Cr.App.1977).

■ In the present case, Officer Hughes stated he really had no idea if the appellants' vehicle was the same vehicle they had been chasing earlier. Officer Hackney testified that all he could see of the chased vehicle was its taillights. He stated that the taillights on the appellants' automobile were the "same type of lights" and "very similar" and that "it was probably the same vehicle." The inarticulate hunch, suspicion, or good faith in suspecting the appellants' vehicle to be the one the officers had seen earlier was insufficient to warrant the detention as an investigative stop. *Benton v. State*, 576 S.W.2d 374 (Tex.Cr.App.1978); *Fatemi v. State*, 558 S.W.2d 463 (Tex.Cr.App.1977); *McDougald v. State*, 547 S.W.2d 40 (Tex.Cr.App.1977); *Scott v. State*, 549 S.W.2d 170 (Tex.Cr.App.1976); *Faulkner v. State*, 549 S.W.2d 1 (Tex.Cr.App.1976); *Hinson v. State*, supra; *Shaffer v. State*, supra.

The State argues that the initial stop was justified as a driver's license check pursuant to Article 6687b, Sec. 13, V.T.C.S., which provides in part:

"Any peace officer may stop and detain any motor vehicle operator for the purpose of determining whether such person has a driver's license as required by this Section."

The continued viability of this section is in question, in light of the Supreme Court's decision in *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). In the decision, the Supreme Court held that:

"[E]xcept in those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment."

However, in *Luckett v. State*, 586 S.W.2d 524 (Tex.Cr.App.1979), this Court held that *Delaware v. Prouse*, supra, would not be given retroactive effect. Thus, we need not decide whether Article 6687b, Sec. 13, V.T. C.S., violates the Fourth Amendment prohibition against searches and seizures.

Nonetheless, the stop was not justified as a check on the appellants' driver's licenses. A driver's license check may not be used as a subterfuge to cover up an unlawful stop based on mere suspicion. *White v. State*, 574 S.W.2d 546 (Tex.Cr.App. 1978). If a license check is not the sole reason for a detention, that detention is not authorized by the statute and cannot be upheld. *Fatemi v. State*, supra.

In the case at bar, both officers stated that the automobile was stopped because they thought it might be the suspicious vehicle they had seen earlier. The detention was not to merely check the driver's licenses of the appellants. The detention was not authorized and the evidence should have been suppressed. *White v. State*, supra; *Fatemi v. State*, supra; *Faulkner v. State*, supra; *Hall v. State*, 488 S.W.2d 788 (Tex.Cr.App.1973).

The judgments are reversed and the causes remanded.