**Cecil Javon KOONCE, III, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–82–00059–CR.**

Court of Appeals of Texas, Dallas.

April 19, 1983.

Donald J. Driscoll, Dallas, for appellant.

Tom O'Connell, Dist. Atty., for appellee.

Before STOREY, GUILLOT and STEW-ART, JJ.

GUILLOT, Justice.

This is an appeal from a case in which appellant was convicted of unlawfully carrying a club under section 46.02 of the Texas Penal Code. Appellant contends that the trial court erred in admitting unlawfully seized evidence, because the State failed to carry its burden of proving that the initial stop and subsequent search of appellant's automobile, that produced the illegal club, were reasonable under the guidelines set out in *Delaware v. Prouse,* 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). Because we agree with the appellant, we reverse and remand.

The record reflects that two Texas Department of Public Safety troopers were conducting what they, at trial, characteriz-

ed as a routine driver's license check on a road in Collin County, Texas. The appellant and a passenger were stopped in an automobile that appellant was driving. After being stopped for the driver's license check, one of the officers detected the odors of alcohol and marijuana on appellant and ordered him to move his automobile to the shoulder of the road. Appellant and the passenger were removed from the automobile, and, subsequently, the automobile was searched. The club which was admitted into evidence was found wedged between the driver's seat and the console of the automobile.

The State concedes in its brief that the initial stop of appellant's automobile was not based on probable cause, *viz.,* the police officer's observance of specific and articulable facts which, in light of his experience and personal knowledge taken together with rational inferences from those facts, would constitute more than a mere hunch or suspicion that a crime was in progress. *See Williams v. State,* 621 S.W.2d 609 (Tex. Cr.App.1981); *McMillan v. State,* 609 S.W.2d 784 (Tex.Cr.App.1980). The State argues, however, that the initial investigatory stop and subsequent search were authorized under Tex.Rev.Civ.Stat.Ann. art. 6687b, § 13 (Vernon 1977). That statute in pertinent part provides that:

> Any peace officer may stop and detain any motor vehicle operator for the purpose of determining whether such person has a driver's license as required by this Section.

The validity of this portion of section 13 has been questioned by the Court of Criminal Appeals because of the Supreme Court decision in *Prouse. See McMillan,* 609 S.W.2d at 786. We do not reach the constitutional issue of whether section 13 per se violates the Fourth Amendment prohibition against unreasonable searches and seizures, because we find that the State failed to adduce evidence that this warrantless search was reasonable under the guidelines of *Prouse.*

The burden is on the State to show facts authorizing the warrantless seizure of the evidence which is challenged in the present

case. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *DeLao v. State,* 550 S.W.2d 289 (Tex.Cr. App.1977); *Honeycutt v. State,* 499 S.W.2d 662 (Tex.Cr.App.1973). The testimony at trial establishes that the driver's license check was being conducted according to departmental procedures, but no evidence of the substance of those procedures was introduced. In *Prouse,* 440 U.S. at 663, 99 S.Ct. at 1401, the Supreme Court held:

> [T]hat except in those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment. This holding does not preclude the State of Delaware or other States from developing methods for spot checks that involve less intrusion or that do not involve the unconstrained exercise of discretion. Questioning of all oncoming traffic at roadblock-type stops is one possible alternative. We hold only that persons in automobiles on public roadways may not for that reason alone have their travel and privacy interfered with at the unbridled discretion of police officers.

Without evidence that an objective, non-discretionary procedure was being used, we find that the initial stop of appellant's automobile was unreasonable, and thus, the fruit of that stop and subsequent search was tainted. Based on the record before us, the evidence was obtained in violation of the Fourth Amendment and should have been suppressed. For these reasons we reverse and remand. *See DeLao,* 550 S.W.2d at 292.

Reversed and remanded.