**Michael Ray KING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1005–87.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 14, 1990.

Rehearing Overruled Dec. 19, 1990.

J. Thomas Sullivan, Little Rock, Ark., Mike McCollum (on appeal only), Dallas, for appellant.

John Vance, Dist. Atty., and Pamela Sullivan Berdanier, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appeal is taken from a conviction for driving while intoxicated. After finding appellant guilty, the jury assessed his punishment at thirty days' confinement, probated for two years, a fine of $500, and suspension of appellant's driver's license for one year.

On direct appeal, appellant presented nine points of error. In the first, appellant argued that the trial court erroneously admitted evidence which was seized in violation of the Fourth Amendment. U.S.C.A. Const.Amend. 4. In the second, appellant also urged that the evidence was seized in violation of the Texas Constitution's protections against unreasonable searches and seizures. Art. 1, § 9, Tex. Const. The Court of Appeals reversed and remanded for a new trial after sustaining appellant's first point of error. *King v. State*, 733 S.W.2d 704 (Tex.App.—Dallas 1987).

In the instant case appellant was arrested for driving while intoxicated after being stopped at a roadblock on Storey Lane in the City of Dallas at 1:30 a.m. on April 12, 1985. The Court of Appeals decided that this stop was not solely for the purpose of checking driver's licenses. Instead, the

Court of Appeals held, the roadblock was a subterfuge for catching drunken drivers. As such, the roadblock was unconstitutional. U.S.C.A. Const.Amend. 4. *King,* 733 S.W.2d at 707. The Court of Appeals based this ruling upon its earlier decision in *Higbie v. State,* 723 S.W.2d 802, at 804–805 (Tex.App.—Dallas 1987). (Upon reviewing the Court of Appeals' decision in *Higbie,* a plurality of this Court held that D.W.I. roadblocks, whatever their expressed purpose, are seizures under the Fourth Amendment and are violative of that Amendment's protections against unreasonable searches and seizures. *Higbie v. State,* 780 S.W.2d 228, at 231–239 (Tex.Cr. App.1989).)

In the instant case, this Court granted the state's petition for discretionary review on two grounds. First, that the Court of Appeals erred by substituting its judgment as factfinder for the trial court when it held that the roadblock was not for the sole purpose of checking driver's licenses, but instead was a subterfuge for searching out drunken drivers. Second, that the Court of Appeals was wrong to conclude that sobriety checkpoints are unconstitutional; that appellant's stop was not violative of the Fourth Amendment.

Recently, the Supreme Court of the United States handed down their decision in *Michigan v. Sitz,* — U.S. —, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990). In that case, the Court decided that the petitioner's stop at a sobriety checkpoint constituted a seizure within the context of the Fourth Amendment. The Court also held that these seizures were reasonable, and did not violate the Fourth Amendment proscription of unreasonable searches and seizures. The Court concluded:

"In sum, the balance of the State's interest in preventing drunken driving, the extent to which this system can reasonably be said to advance that interest, and the degree of intrusion upon individual motorists who are briefly stopped, weighs in favor of the state program. We therefore hold that it is consistent with the fourth Amendment."

*Michigan v. Sitz,* — U.S. at —, 110 S.Ct. at 2488.

We hold that *Michigan v. Sitz* overrules both this Court's plurality decision in *Higbie v. State,* 780 S.W.2d, at 231–239, and its precursor, the Court of Appeals decision in *Higbie v. State,* 723 S.W.2d, at 804–805.[1] Therefore, we remand the instant case to the Court of Appeals for reconsideration of appellant's first point of error in accordance with *Michigan v. Sitz.* This remand to the Court of Appeals includes an order to reconsider appellant's remaining points of error, including his claim under Art. I, § 9 of the Texas Constitution.

CLINTON, J., believing that *Michigan v. Sitz* is so distinguishable on its facts that overruling *Higbie v. State* is unwarranted, joins only the judgment of the Court.

MILLER, J., believing that *Higbie v. State,* 780 S.W.2d 228 (Tex.Cr.App.1989), decided the first ground of review against the State, would only remand for consideration of the Texas constitutional issue.

TEAGUE, J., joins this note.

BERCHELMANN and STURNS, JJ., not participating.

---

**1.** It is not necessary to reach the state's first ground for review, that the court of appeals erred by substituting its decision for the trier of fact by finding that the roadblock was "unquestionably a driving while intoxicated check."

Even if it was a driving while intoxicated check, this would not have been unreasonable under the Fourth Amendment in light of *Michigan v. Sitz,* — U.S. at —, 110 S.Ct. at 2488.