**The STATE of Texas, Appellant,**

v.

**John Patrick VAN NATTA, Appellee.**

**No. 2–90–121–CR.**

Court of Appeals of Texas, Fort Worth.

Feb. 13, 1991.

Rehearing Overruled March 27, 1991.

Tim Curry, Criminal Dist. Atty., and David K. Chapman, Asst. Dist. Atty., Fort Worth, for appellant.

Michael Berger, Fort Worth, for appellee.

Before JOE SPURLOCK, II, FARRIS and DAY, JJ.

## OPINION

DAY, Justice.

The State appeals from the trial court's order suppressing evidence obtained by means of a DWI roadblock. Van Natta moved to suppress the evidence of his intoxication on the grounds that the roadblock stop which resulted in his arrest for DWI violated his rights under both the federal and state constitutions. The sole issue before us is the constitutionality of the DWI roadblock which resulted in Van Natta's arrest. We hold that the roadblock which resulted in Van Natta's arrest violated his rights under the fourth amendment to the U.S. Constitution.

The trial court's suppression order is affirmed and the case is remanded for trial.

The evidence at the hearing on the motion to suppress consisted of the testimony of four officials of the Fort Worth Police Department. Their testimony reflects that pursuant to a written plan approved by ranking officers of the department, the police operated the roadblock in the 5200

block of Hemphill Street between 11:00 p.m. and 12:30 a.m. the evening of May 26, 1989. All southbound traffic during the one and one-half hour period was funneled into a single lane by means of traffic cones and flares. The police plan contemplated that all vehicles be stopped and the officers were instructed to greet the driver by stating: "Good evening. We're conducting a DWI checkpoint, field sobriety evaluation. Thank you for your courtesy."

This roadblock detention of all southbound drivers by the police was designed to take less than a minute unless the officers observed signs of intoxication. If the officers did not note signs of intoxication, the driver would be released and permitted to proceed through the roadblock. However, if signs of intoxication were observed, the driver would be required to perform a field sobriety test.

Van Natta was driving the first car to approach the roadblock. The officers were attracted to his approach by the sound of his motor "revving." They observed that he was approaching "at a pretty good clip" and weaving in his traffic lane. After his vehicle came to a stop, the arresting officer noted that: a strong odor of alcohol was coming from his car; Van Natta's eyes were "red and watery"; and there was an open can of beer on the floorboard between his feet. Van Natta was ordered to exit his car and was then subjected to a field sobriety test. An officer testified that Van Natta was unable to properly perform the test and he was placed under arrest for DWI.

A total of 177 vehicles were stopped during the one and one-half hour operation and despite some indication that other DWI arrests may have been made, the evidence reflects only the arrest of Van Natta. The State introduced evidence [1] of the traffic injuries and deaths caused by drunken drivers in the Fort Worth area as well as the state. No statistical or opinion evidence was elicited as to the effectiveness of DWI roadblocks in enforcing the DWI laws.[2]

---

1. Statistical data compiled by the Texas Department of Public Safety reflected a total of 35,917

DWI-involved motor vehicle traffic accidents in Texas for the calendar year.

2. In addition, upon being asked the question,

42

The trial court, acting under the authority of *Higbie v. State*, 780 S.W.2d 228 (Tex. Crim.App.1989), found the DWI roadblock unconstitutional and entered an order suppressing the evidence obtained by means of the unconstitutional seizure. In *Higbie*, a plurality of the court held that DWI roadblocks are seizures under the fourth amendment and are violative of that amendment's protections against unreasonable searches and seizures. *Id.* at 237.

 After the trial court entered its suppression order, the Supreme Court of the United States decided *Michigan Dep't of State Police v. Sitz*, ── U.S. ──, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990). The Supreme Court in *Sitz* found that the DWI roadblock in such case did not violate the driver's rights under the fourth amendment. The *Sitz* court restated the principle that a roadblock detention constituted a "seizure" within the meaning of the fourth amendment but held that such a seizure was constitutionally permissible *if* it could pass the three-prong balancing test enunciated in *Brown v. Texas*, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979). The *Brown* test balances the following factors:

(1) the interest of the State in preventing accidents caused by drunk drivers; and

(2) the effectiveness of DWI roadblocks in achieving such goal; and

(3) the level of intrusion on an individual's privacy caused by such roadblocks.

*Brown*, 443 U.S. at 51, 99 S.Ct. at 2649, 61 L.Ed.2d at 362. The *Sitz* court applied the *Brown* balancing test to the evidence before the Michigan court and found the evidence sufficient to satisfy the three prongs of the test.

In the case at bar, the State urges that *Sitz* has placed the stamp of constitutionality upon all DWI roadblock seizures and that the evidence offered by the State satisfied the *Brown* balancing test. We disagree. Although the State fully discharged its burden in offering evidence to satisfy two prongs of the *Brown* test, it

"But you have no idea what deterrent effects DWI roadblocks might have?" an official with the Texas Department of Public Safety replied,

failed to offer any evidence which would support the "effectiveness" prong.

In the instant case, as in *Sitz*, the State proved its compelling interest in enforcing the DWI laws and eradicating the carnage caused by drunken drivers. That evidence satisfied the first prong of the *Brown* test. Here, as in *Sitz*, the evidence offered by the State established that the roadblock seizure was designed by the police to be brief and only minimally intrusive on the drivers. That evidence satisfied the third prong of the *Brown* test.

However, the State wholly failed to establish the second prong of the *Brown* balancing test. In fact, the State's witness expressly disclaimed any knowledge of the efficacy of the roadblock seizure in dealing with the DWI problem. By contrast, in *Sitz*, the State elicited evidence by way of empirical data and expert testimony which supported the efficacy of the roadblock in advancing the interest of the State in dealing with the problem of drunk drivers. The Michigan appellate court in *Sitz* found that the roadblock failed the "effectiveness" test of *Brown*. *Sitz*, ── U.S. at ──, 110 S.Ct. at 2487, 110 L.Ed.2d at 422-23. In reversing that finding, the *Sitz* court stated that the "effectiveness" prong of *Brown* "was not meant to transfer from politically accountable officials to the courts the decision as to which among reasonable alternative law enforcement techniques should be employed to deal with a serious public danger." *Sitz*, ── U.S. at ──, 110 S.Ct. at 2487, 110 L.Ed.2d at 422.

We agree that the courts are not suited to impose their judgment as to which of the *reasonable alternative techniques* should be employed by the police. In the instant case, we are not called upon to judge the effectiveness of the technique employed by the State since the State failed to make even a prima facie showing that the roadblock seizure they employed had any effect whatsoever in advancing the State's interest.

"I can't answer that because I never participated in one."

We are not prepared to take judicial notice that the roadblock seizures employed in the instant case were a *reasonable alternative technique* in dealing with the State's interest in eradicating the problem of drunken drivers. We hold that the evidence before the trial court failed to satisfy the *Brown* test as approved in *Sitz*. Therefore, we find that the suspicionless seizure of Van Natta violated his rights under the fourth amendment to the U.S. Constitution.

The recent decision of our Court of Criminal Appeals in *King v. State*, 800 S.W.2d 528 (Tex.Crim.App.1990) (pending on reh'g) held that the *Sitz* opinion effectively overruled its 1989 holding in *Higbie* that *all* DWI roadblock seizures were violative of the fourth amendment. The *King* opinion quoted the following language from *Sitz:*

> In sum, the balance of the State's interest in preventing drunken driving, *the extent to which this system can reasonably be said to advance that interest,* and the degree of intrusion upon individual motorists who are briefly stopped, weighs in favor of the state program. We therefore hold that it is consistent with the Fourth Amendment.

*Sitz,* —— U.S. at ——, 110 S.Ct. at 2488, 110 L.Ed.2d at 423 (emphasis added); *King,* 800 S.W.2d at 529. As we read *Sitz* and *King,* there was no justification for Van Natta's seizure in violation of his fourth amendment rights in the absence of a showing that the DWI roadblock was a *reasonable law enforcement technique* calculated to advance the State's interest.

The State argues that regardless of the constitutionality of the roadblock seizure, the officers had reasonable grounds to stop Van Natta, pointing out that he appeared to be driving at an excessive rate of speed, was weaving *in his traffic lane,* and was heard to be "revving" his car. Whether such actions on the part of Van Natta would, in the absence of this unconstitutional roadblock, have provided the necessary reasonable suspicion to justify his seizure is totally irrelevant. We decline to enter into the realm of speculation and assume that in the absence of the unconstitutional roadblock that his actions would have been observed by the police.

The trial court's suppression order is affirmed and this cause is remanded for trial.