The STATE of Texas, Appellant,

v.

Charles Lee WAGNER, Appellee.

No. 724–90.

Court of Criminal Appeals of Texas, En Banc.

May 29, 1991.

John Alan Goren, Lawrence G. Boyd, Robert M. Clark, Jr., Dallas, for appellant.

John Vance, Dist. Atty., Pamela Sullivan Berdanier, Asst. Dist. Atty., Dallas, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

After a preliminary hearing, a County Court judge in Dallas held that evidence to be used against appellee, Charles Lee Wagner, obtained through a sobriety checkpoint stop, was obtained in violation of the Fourth Amendment to the United States Constitution. The State appealed and the Dallas Court of Appeals affirmed the trial court's judgment. *State v. Wagner*, 791 S.W.2d 573 (Tex.App.—Dallas 1990). The State then sought discretionary review from this Court asking that we examine the Court of Appeals' holding in light of *Michigan v. Sitz*, —— U.S. ——, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990). We granted the State's petition.

The Court of Appeals principally relied upon *Higbie v. State*, 780 S.W.2d 228 (Tex.

Cr.App.1989) (plurality opinion), to find that stopping appellee's car at a sobriety check point by police officers "was not based on reasonable suspicion but was designed to be preemptive in nature and premised on nothing more that inarticulate facts—hunches that criminal conduct would occur." 791 S.W.2d at 576. As such, the Court of Appeals concluded that the stop "was an infringement of individual freedom of privacy and travel." *Id.*[1]

In *King v. State*, 800 S.W.2d 528 (Tex.Cr. App.1990), we determined that *Higbie*, along with its progenitors from this Court, had been overruled by *Michigan v. Sitz* to the extent that such cases purported to be based upon the Fourth Amendment to the United States Constitution. 800 S.W.2d at 529. Accordingly, to the extent that the Court of Appeals decision relied upon *Higbie*, it is reversed.

The judgment of the Court of Appeals is reversed and the cause is remanded to that court for consideration in light of *Michigan v. Sitz, supra,* and *King v. State, supra.*

BAIRD, J., dissents.

MILLER, Judge, concurring.

In its opinion, the court of appeals correctly notes that there is no administrative scheme permitting DWI roadblocks in this state. 791 S.W.2d at 576. We discover in *Michigan Department of State Police v. Sitz,* — U.S. —, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990), that the Michigan legislature empowered its counterpart to our Department of Public Safety to set up a statewide administrative scheme for sobriety checkpoints. Pursuant to that scheme, the director of the state police department appointed a Sobriety Checkpoint Advisory Committee which created guidelines setting forth procedures governing checkpoint operations, site selection, and publicity. The Supreme Court of course upheld the sobriety checkpoint as being consistent with the Fourth Amendment. If this is to be the case in Texas, then the court of appeals' opinion is correct when it says "Texas has

no such administrative scheme. This is a task best left to the legislature." 791 S.W.2d at 576. Thus, the issue presented in this case may be resolved under *Michigan v. Sitz* without the necessity of addressing the question of whether the DWI roadblock violated Art. I, § 9.

With these comments, I join the majority opinion.

CLINTON and MALONEY, JJ., join this opinion.

CAMPBELL, OVERSTREET and BENAVIDES, JJ., join this opinion and the majority opinion.

since this is the issue he raised in the trial court.

---

**1.** We understand this to be a holding that appellee's Fourth Amendment rights were violated