The STATE of Texas, State,

v.

Roger William HUBACEK, Appellee.

No. 2–91–184–CR.

Court of Appeals of Texas,
Fort Worth.

Oct. 28, 1992.

Rehearing Overruled Dec. 1, 1992.

Tim Curry, Dist. Atty., C. Chris Marshall, Betty Marshall and Robert Foran, Assistants, Fort Worth, for State.

Sweat & Cochran, and Mark S. Cochran, Arlington, for appellee.

Before HILL and FARRIS, JJ.

## OPINION

FARRIS, Justice.

Roger William Hubacek was charged with driving while intoxicated after his arrest at a police roadblock. Hubacek moved to suppress the evidence concerning the arrest, contending it was obtained without probable cause and by subterfuge. The trial court disregarded Hubacek's arguments, but sustained his motion holding the roadblock was unlawful because its sole purpose was not a check for driver's licenses.

On appeal, the State contends the trial court erred in holding the roadblock could not be conducted for dual purposes. In response, Hubacek argues the trial court's ruling was proper because the State failed to produce evidence sufficient to satisfy the *Brown* balancing test and the checkpoint was not administered in accordance with a legislatively developed administrative scheme, and therefore, his arrest violated both the Fourth Amendment to the United States Constitution and article 1, section 9 of the Texas Constitution. *See Brown v. Texas*, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979).

We hold the trial court erred in finding Hubacek's arrest invalid because the roadblock's purpose was twofold. We therefore remand the trial court's ruling for further consideration consistent with this opinion. In reversing the court's order, we reject Hubacek's argument that the State is required to prove a legislatively developed administrative scheme to support a roadblock arrest. We direct the trial court to consider the arguments raised in Hubacek's motion.

In granting Hubacek's motion, the trial court relied on two Texas opinions which held article 6687b, section 13 only authorized a checkpoint operation when the sole purpose was to determine whether drivers had valid driver's licenses. *See Padgett v. State*, 723 S.W.2d 780, 781 (Tex.App.—Dallas 1987), *rev'd on other grounds*, 764 S.W.2d 239 (Tex.Crim.App.1989); *Meeks v. State*, 692 S.W.2d 504, 508 (Tex.Crim.App.

1985). This reliance is misplaced because *Meeks* involved a 1977 stop and proof of insurance on request was not required until January 1, 1982. Also *Meeks'* sole purpose requirement should be limited to the factual setting of that case, it should not prohibit an insurance check in combination with a lawful license check.[1] Because *Padgett* relied on the *Meeks* decision after proof of insurance legislation was enacted, we find reliance on it unpersuasive. *See Padgett*, 723 S.W.2d at 780.

A limited application of *Meeks'* sole purpose requirement is supported by statutory construction as well. No statute prohibits a police officer, who has stopped a vehicle for a license check, from requesting proof of liability insurance. TEX.REV. CIV.STAT.ANN. arts. 6687b, 6701h (Vernon Supp.1992); *State v. Sanchez*, 800 S.W.2d 292, 294 (Tex.App.—Corpus Christi 1990, pet. granted). Although TEX.REV. CIV.STAT.ANN. art. 6687b, § 13 expressly authorizes driver's license checks, TEX. REV.CIV.STAT.ANN. art. 6701 h, § 1B(a), the proof of financial responsibility statute, is silent about when a check may be made. Because lack of insurance can only be established after a motorist is stopped, the statute's purpose can only be effected if a request for proof of financial responsibility is permitted when a motorist is lawfully stopped. Because the trial court's ruling is based on outdated cases and is not supported by the applicable statutes, we reverse and remand it.

On remand, the trial court is to consider Hubacek's argument the roadblock was actually a subterfuge to catch intoxicated drivers. The statute, giving peace officers the right to stop and detain motorists to check licenses, does not grant carte blanche authority for "fishing expeditions" or allow police to use roadblocks as subterfuge to cover up unlawful activity. TEX.REV.CIV.STAT.ANN. art. 6687b, § 13 (Vernon Supp.1992); *Webb v. State*, 739 S.W.2d 802, 812 (Tex.Crim.App.1987). To determine whether the roadblock was actually a subterfuge for catching drunk

---

1. The roadblock in *Meeks* was a "fishing expedition." *Meeks*, 692 S.W.2d at 508.

drivers, the trial court must determine the officers' intent by considering all surrounding circumstances, i.e.: The time of day or night the check was performed; whether only traffic traveling away from bars was being stopped; whether the police positioned themselves near bars; and whether vans were waiting to take those arrested to jail. If the trial court finds the roadblock was to check licenses, Hubacek's motion to suppress the evidence should be denied because a roadblock for license checking purposes passes the *Brown* balancing test. *See, e.g., Michigan Dep't of State Police v. Sitz,* 496 U.S. 444, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990); *King v. State,* 816 S.W.2d 447 (Tex.App.—Dallas 1991, pet. ref'd). If the trial court finds it was a subterfuge, the evidence must be examined to determine the constitutionality of the stop under the guidelines enunciated in *Sitz.*

In *Sitz* the Supreme Court held Michigan's use of highway sobriety checkpoints did not violate the Fourth Amendment because it passed the *Brown* three-prong balancing test: (1) the interest of the State in preventing accidents caused by drunk drivers; (2) the effectiveness of DWI checkpoints in achieving that goal; and (3) the level of intrusion on individual privacy caused by the checkpoints.[2]

Hubacek interprets *Sitz* as requiring the trial court to make a threshold finding the stops are the product of a legislatively developed administrative scheme before applying the three-prong balancing test. We do not adopt this interpretation. The administrative scheme is not a prerequisite to the application of the *Brown* balancing test, rather it is an element to be considered in the third prong of the analysis. *See, e.g., State v. Van Natta,* 805 S.W.2d 40, 42 (Tex.App.—Fort Worth), *pet. ref'd,* 811 S.W.2d 608 (Tex.Crim.App.1991).

The judgment of the trial court is remanded for further consideration consistent with this opinion.

---

**2.** Appellee also complains his arrest violated article I, section 9 of the Texas Constitution. *Heitman v. State,* held the search and seizure provisions of the Texas Constitution warranted an analysis distinct from the federal constitutional analysis. 815 S.W.2d 681, 690 (Tex.Crim. App.1991). On remand of *Heitman* we noted Texas Constitution article I, section 9 protects citizens of this state from *unreasonable* searches and seizures, but not all searches. *Heitman v. State,* 836 S.W.2d 840 (Tex.App.—Fort Worth 1992). Whether a highway sobriety checkpoint violates the Texas Constitution is to be determined by a reasonableness standard under the circumstances.