**The STATE of Texas, State,**

v.

**Regina H. HOLT, Appellee.**

**No. 2–92–215–CR.**

Court of Appeals of Texas,
Fort Worth.

March 31, 1993.

Publication Ordered April 6, 1993.

Rehearing Overruled April 27, 1993.

---

Tim Curry, Dist. Atty., and Susan Ayres, Warren Spencer, and Leslie Hardy, Asst. Dist. Attys., Fort Worth, for the State.

Steven H. Swander, Fort Worth, for appellee.

Before HILL, C.J., and FARRIS and WEAVER, JJ.

## OPINION

FARRIS, Justice.

Regina H. Holt was charged with driving while intoxicated after her arrest at a sobriety checkpoint. The trial court sustained Holt's motion to suppress the evidence concerning her arrest, holding the sobriety checkpoint was unconstitutional under both the Fourth Amendment to the United States Constitution and article I, section 9, of the Texas Constitution.

On appeal, the State contends the trial court erred in holding the constitutionality of a checkpoint depends not only on the *Brown* test, but also on a threshold finding that the checkpoint was adminis-

tered in accordance with a state-wide legislatively developed administrative scheme.[1] *See Brown v. Texas*, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979). Because the existence of an administrative scheme is an element to be considered in the third prong of the *Brown* balancing test,[2] rather than a prerequisite to the applicability of the test, and because the trial court found the checkpoint passed the test, as evidenced by its conclusions of law which state: "this checkpoint was illegal under the Fourth Amendment in one respect ... there is no state-wide scheme for sobriety checkpoints promulgated either administratively or legislatively ... the checkpoint would also violate Art. I, § 9 of the Texas Constitution for the same reason," we sustain the State's first two points and reverse and remand the case for trial.

The trial court sustained Holt's motion to suppress the evidence, because it relied on two Dallas Court of Appeals cases and dicta in a concurring opinion of the Texas Court of Criminal Appeals that interpret *Michigan State Police v. Sitz*, 496 U.S. 444, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990), as requiring legislative authorization for a DWI roadblock. *See State v. Wagner*, 810 S.W.2d 207, 208 (Tex.Crim.App.1991) (concurring opinion); *State v. Wagner*, 821 S.W.2d 288, 290–91 (Tex.App.—Dallas 1991, pet. ref'd) (opinion on remand); *King v. State*, 816 S.W.2d 447, 451 (Tex.App.—Dallas 1991, pet. ref'd). We find error in this interpretation for two reasons. It is not the holding of *Sitz* and it is contrary to search and seizure jurisprudence.

 It is not the holding of *Sitz* because the Supreme Court only considered the significance of Michigan's legislatively developed program during its discussion of the subjective intrusion on motorists,[3] so the existence of such a program is only an element to be considered when applying the *Brown* test. *See State v. Hubacek*, 840 S.W.2d 751 (Tex.App.—Fort Worth 1992, pet. ref'd); *State v. Van Natta*, 805 S.W.2d 40, 42 (Tex.App.—Fort Worth), *pet. ref'd*, 811 S.W.2d 608 (Tex.Crim.App.1991).

The reason the Dallas Court of Appeals and the concurring Justice of the Texas Court of Criminal Appeals misconstrue the holding of *Sitz* is because they misinterpret the following statement:

> The actual language from Brown v. Texas, upon which the Michigan courts based their evaluation of "effectiveness," describes the balancing factor as "the degree to which the seizure advances the public interest." ... This passage from Brown was not meant to transfer from politically accountable officials to the courts the decision as to which among reasonable alternative law enforcement techniques should be employed to deal with a serious public danger.

*Sitz*, 496 U.S. at 453, 110 S.Ct. at 2487, 110 L.Ed.2d at 422. They read "politically accountable officials" in isolation and conclude that a legislative body must authorize the checkpoint. *Wagner*, 810 S.W.2d at 208; *Wagner*, 821 S.W.2d at 290; *King*, 816 S.W.2d at 451. When viewed in context, the passage merely instructs courts to defer to officials' choice of enforcement techniques when analyzing prong two of the *Brown* test; it does not instruct courts to make a threshold finding that politically accountable officials authorized the technique.

---

1. The State's first two points challenge the trial court's ruling that the roadblock was unconstitutional under both the United States and Texas Constitutions. In the absence of direction to the contrary, our discussion applies to both points because the constitutionality of a sobriety checkpoint under both the United States and Texas Constitutions is to be determined by a reasonableness standard under the circumstances. *See Heitman v. State*, 836 S.W.2d 840 (Tex.App.—Fort Worth 1992, no pet.).

2. The *Brown* test balances: (1) the interest of the State in preventing accidents caused by drunk drivers; (2) the effectiveness of DWI checkpoints in achieving that goal; and (3) the level of intrusion on individual privacy caused by the checkpoints.

3. The subjective intrusion on motorists is considered under prong three of the *Brown* test. The level of subjective intrusion is determined by considering the level of discretion given to the officers and the potential for generating fear and surprise in motorists. *Sitz*, 496 U.S. at·453, 110 S.Ct. at 2486, 110 L.Ed.2d at 421.

Search and seizure jurisprudence suggests that when a Fourth Amendment challenge is asserted against a seizure the relevant inquiry is was the seizure reasonable. *Sitz*, 496 U.S. at 450, 110 S.Ct. at 2485, 110 L.Ed.2d at 420. Reasonableness is determined by applying the three-prong balancing test. *Sitz*, 496 U.S. at 449, 110 S.Ct. at 2484, 110 L.Ed.2d at 419. The Fourth Amendment's concern is preventing arbitrary seizures, not requiring state-wide plans.

Also, courts outside the State of Texas do not suggest *Sitz* stands for the proposition that a state-wide sobriety checkpoint is automatically arbitrary in the absence of a state-wide legislatively developed plan. *See, e.g., Get Away Club, Inc. v. Coleman,* 969 F.2d 664, 668 (8th Cir.1992); *Crail v. State,* 309 Ark. 120, 827 S.W.2d 157, 159 (1992).

Because we sustain the State's first two points, we will not address its third. The trial court's decision is reversed and the case is remanded for trial.