# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00750-CR

**Paul M. Vallejo, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY
## NO. 556-269, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

A jury found appellant Paul M. Vallejo guilty of driving while intoxicated (DWI), for which the court assessed punishment at incarceration for 140 days and a $1000 fine. *See* Tex. Pen. Code Ann. § 49.04 (West Supp. 2001). Appellant contends the trial court erred by overruling his motions to suppress evidence, by admitting evidence of extraneous offenses, and by refusing to submit the propriety of his detention and interrogation as questions of fact for the jury. We will overrule these contentions and affirm the conviction.

Austin Police Officer Gary Hanna testified at the pretrial suppression hearing that he received a radio report of a disturbance involving an intoxicated male at a restaurant. While driving to the scene of the reported disturbance, he received a further report that the suspect had left the restaurant in a black Camaro, driving east. Moments later, Hanna encountered a black Camaro traveling east from the restaurant. The license plate number of this vehicle matched that reported for

the suspect vehicle except for one character. Hanna began to follow the Camaro and stopped it after he observed it turn without signaling.

Appellant was the driver and sole occupant of the Camaro. When Hanna approached the car, he immediately noticed the odor of alcoholic beverage. Appellant's eyes were bloodshot and his speech was slurred. Appellant had difficulty retrieving his driver's license and proof of insurance, fumbling and dropping the items in his wallet. Hanna, suspecting that appellant was intoxicated, called for a DWI-task-force officer to conduct field sobriety tests.[1] For his safety and to prevent appellant from driving away, Hanna instructed appellant to step from his car. He noticed that appellant was unstable on his feet and leaned on the car for support. Hanna testified that appellant was belligerent, and repeatedly asked for an attorney and if he were free to go.

Officer Michael Guerra arrived fifteen to twenty minutes after Hanna called for a task-force officer.[2] Guerra testified that appellant was loud and argumentative, and that he refused to perform the field sobriety tests. Guerra also noted appellant's bloodshot eyes, slurred speech, and strong alcoholic beverage odor. Guerra arrested appellant for driving while intoxicated.

Appellant does not challenge the propriety of the initial stop, but he urges that the subsequent detention was unreasonably long and hence unlawful. Appellant contends the evidence

---

[1] The trial testimony was that this was a matter of procedure. Vehicles driven by DWI-task force-officers are equipped with audio-video recorders for preserving the field tests. These officers are not only certified to conduct field sobriety tests (as was Officer Hanna), but also to administer intoxilyzer tests. Assigned full time to DWI cases, task-force officers complete the processing of persons arrested for DWI, allowing patrol officers to return to their regular duties.

[2] By the time Guerra arrived, Officer Michael Hightower had also arrived to serve as Hanna's backup. Hightower did not testify at the pretrial hearing, but did testify at trial. His testimony was relatively brief and corroborated that of Officer Hanna.

2

obtained as a result of this unlawful detention should have been suppressed. He also asserts that the statements he made to the officers were inadmissible as the products of unlawful custodial interrogation. In reviewing these contentions, we defer to the trial court's factual determinations but review *de novo* the court's application of the law to the facts. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

A traffic stop is analogous to a temporary investigative detention. *Berkemer v. McCarty*, 468 U.S. 420, 439 (1984). Such a detention may last no longer than is necessary to effectuate the purpose of the stop. *Florida v. Royer*, 460 U.S. 491, 500 (1983); *Davis v. State*, 947 S.W.2d 240, 243-45 (Tex. Crim. App. 1997). Appellant argues that it was unnecessary to detain him for twenty minutes to effectuate the purpose of the traffic stop, but in doing so he ignores the officer's observations following the stop. Facts that come to an officer's attention during the course of a routine traffic stop may justify a continued detention and a broader investigation. *Razo v. State*, 577 S.W.2d 709, 711 (Tex. Crim. App. 1979); *Estrada v. State*, 30 S.W.3d 599, 603 (Tex. App.—Austin 2000, pet. ref'd). Officer Hanna articulated several facts that reasonably supported detaining appellant for investigation of DWI: the strong odor of alcoholic beverage and appellant's bloodshot eyes, slurred speech, and impaired motor skills. The twenty-minute delay while awaiting the arrival of the DWI-task-force officer was not, under the circumstances, unreasonable. *See United States v. Sharpe*, 470 U.S. 675, 687 n.5 (1985). Point of error one is overruled.

Videotape equipment in Guerra's patrol car recorded the encounter between appellant and the officers from the time of Guerra's arrival at the scene of the stop through appellant's arrest and transport to the police station. Appellant moved to suppress the audio portion of the videotape

3

in its entirety, arguing that his statements to the officers were the product of custodial interrogation and that he had not been properly advised of his rights. *See Miranda v. Arizona*, 384 U.S. 436 (1966); Tex. Code Crim. Proc. Ann. art. 38.22, § 3 (West Supp. 2001). The trial court overruled this motion, but did suppress certain portions of the tape. On appeal, appellant reurges his contention that the entire audio should have been suppressed, along with any testimony by the officers regarding appellant's statements at the scene of the stop.

Persons who are detained pursuant to a routine traffic stop are not in custody for purposes of *Miranda* and article 38.22. *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984); *State v. Waldrop*, 7 S.W.3d 836, 839 (Tex. App.—Austin 1999, no pet.). Subsequent events, however, may cause a noncustodial encounter to escalate into custodial interrogation. *State v. Stevenson*, 958 S.W.2d 824, 828 (Tex. Crim. App. 1997). Appellant argues that even before his formal arrest, his detention had escalated into custody because he was forced to remain at the scene for twenty minutes while awaiting the arrival of Officer Guerra and because the presence of three officers created a police-dominated atmosphere. *See Berkemer*, 468 U.S. at 437-39; *Waldrop*, 7 S.W.3d at 839.

We have already held that appellant was justifiably detained to await the DWI-task-force officer. The scene of the detention was a public street, and appellant was allowed to stand outside his car without any physical restraint. These circumstances are analogous to those in *Waldrop*, where the defendant was stopped for a traffic violation and then detained for the arrival of an officer who performed field sobriety tests. This Court concluded that the defendant was not in custody during this detention and that the statements he made prior to his formal arrest were not the product of custodial interrogation. 7 S.W.3d at 839. We reach the same conclusion here. We hold

4

that during appellant's twenty-minute roadside detention to investigate his possible DWI, he was not in a police-dominated atmosphere so as to convert his detention into custody.

The county court at law correctly ruled that appellant was not in custody for the purpose of *Miranda* and article 38.22 until his formal arrest by Officer Guerra, and that his statements to the officers prior to his arrest were not the product of custodial interrogation. The court suppressed all unwarned statements appellant made in response to interrogation following his arrest. Appellant does not contend that any post-arrest statement was erroneously admitted. Point of error two is overruled.

Next, appellant contends the trial court erroneously admitted extraneous misconduct testimony. Officer Hanna testified at trial, as he did at the pretrial hearing, that his attention was drawn to appellant's car because it matched the description of the vehicle being driven by a person reported to be intoxicated and to have created a disturbance at a restaurant. Appellant urges that Hanna's testimony should not have been admitted because the evidence was not sufficient to support a finding beyond a reasonable doubt that he was the person who created the disturbance. *See Harrell v. State*, 884 S.W.2d 154, 160-61 (Tex. Crim. App. 1994).

Appellant's contention does not comport with his trial objection.[3] *See* Tex. R. App. P. 33.1(a). In any event, *Harrell* does not apply here. The officer's testimony was offered merely to explain how he came to be at the location in question and why his attention was drawn to

---

[3] The overruling of his motion in limine did not preserve error. *Harnett v. State*, 38 S.W.3d 650, 655 (Tex. App.—Austin 2000, pet. ref'd).

appellant's car. The relevance of this testimony did not depend on whether appellant was in fact the person who created the reported disturbance. Point of error three is overruled.

Finally, appellant contends the trial court erred by refusing to instruct the jury pursuant to article 38.23. Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp. 2001). That statute provides that in any case in which the issue is raised, the jury should be instructed to disregard evidence that it believes, or has a reasonable doubt, was obtained in violation of the constitution or laws of Texas or the United States. Appellant argues that the jury should have been asked to determine the propriety of his detention, arrest, and interrogation.

An article 38.23 instruction is required when there are factual disputes as to how the evidence was obtained; when the relevant facts are not in dispute, no instruction is required. *Estrada*, 30 S.W.3d at 605. Appellant does not refer us to any evidence in the record raising a controverted issue of fact relevant to any of the issues he cites. Point of error four is overruled.

The judgment of conviction is affirmed.

_____

Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: November 15, 2001

Do Not Publish