NO. 07-10-0131-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E   

 

 AUGUST 24, 2011



 

 



 

 

CHRISTOPHER JAMES HARPER, APPELLANT

 

V.

 

THE STATE OF TEXAS,  APPELLEE 



 

 



 

 FROM THE 54TH DISTRICT
COURT OF McLENNAN COUNTY;

 

NO. 2009-1398-C2; HONORABLE MATT JOHNSON, JUDGE



 

 



 

Before HANCOCK and PIRTLE, JJ., and BOYD, S.J.[1]

 

 

OPINION

            Appellant, Christopher James Harper,
pled guilty in open court to intentionally or knowingly possessing a usable
quantity of marijuana in an amount of five pounds or less but more than four
ounces and was sentenced to fifteen months confinement pursuant to a plea
agreement.[2]  In his single point of error, Appellant
asserts the trial court erred by denying his motion to suppress the marijuana
seized pursuant to a warrantless stop and search of a vehicle.  We affirm.

Background

            In
November 2009, a McLennan County Grand Jury returned an indictment charging
Appellant with the state jail felony offense of intentionally or knowingly possessing
a usable quantity of marijuana.  In
January 2010, Appellant filed a motion to suppress all evidence recovered prior
to his arrest contending the arresting officer extended the traffic stop beyond
a reasonable time necessary to address the reason for the initial stop.  

            At the suppression hearing, Corporal
Craig Bouse, of the City of Woodway Police Department, testified to the
following:  Appellant was a passenger in
a vehicle that was stopped for a defective brake light.  As Officer Bouse was standing by the driver's
door, he detected the odor of alcoholic beverages coming from inside the vehicle.  After he had returned to his patrol vehicle
to check for warrants, Officer Bouse discovered that the license of the driver
had been suspended and was expired.  He
called for backup and made contact with the driver.  He asked the driver to step out of the vehicle
and wait in front of his patrol vehicle. 
Officer Bouse was unable to detect an odor of alcohol coming from the
driver.  When asked by Officer Bouse, the
driver denied knowledge of any open containers of alcohol[3]
or illegal contraband in the vehicle.  

            Officer Bouse then approached
Appellant.  He had already run
Appellant's history and was aware that Appellant's driver's license had been
expired for several years and he had multiple drug-related charges in the
past.  Officer Bouse asked Appellant
about open containers and the consumption of alcoholic beverages.  Appellant responded that he had consumed
approximately five beers and indicated there was an open container beside his
seat.  Officer Bouse asked Appellant to
get out of the vehicle and informed him that he was going to perform a probable
cause search.  He then asked Appellant
whether there was anything else in the vehicle he should know about and told
Appellant that now would be the time to come clean.  At that point, Appellant admitted there was
marijuana inside the vehicle.  

            As Officer Bouse searched the vehicle,
he found an open can of beer and observed a white plastic bag under the
passenger seat that appeared to contain marijuana.  He ran his drug-detecting dog around the vehicle
and the dog alerted.  Officer Bouse then
searched the vehicle and found a large bag of marijuana and a small marijuana blunt
in a cigarette container. 

            In February 2010, the trial court
denied Appellant's motion to suppress. 
Following an abatement of Appellant's appeal, the trial court issued its
“Findings And Conclusions Of Fact And Law”
in February 2011.  In its findings, the
trial court determined that Officer Bouse had probable cause to investigate the
odor of alcoholic beverage he detected while speaking with the driver and that,
during his investigation, Appellant indicated there was marijuana in the vehicle,
whereupon Officer Bouse had probable cause to investigate whether the vehicle
contained marijuana.  The trial court
concluded that the stop, ensuing search and Appellant's arrest did not violate
Appellant's legal rights.    

            In February 2010, Appellant pled
guilty in open court to the offense for which he was indicted pursuant to a
plea agreement that permitted him to reserve his right to appeal the trial
court's denial of his motion to suppress. 
He was then sentenced to fifteen months confinement.  This appeal followed.

Discussion

            Appellant
asserts that he was improperly detained and the discovery of the marijuana was
a result of his illegal detention.  He
contends that Officer Bouse should have written him a citation for having an
open container in the vehicle after he informed the officer of the open
container beside his seat and then ended Appellant's detention without
searching the vehicle.  He also asserts that
he was coerced into making the admission that there was marijuana in the vehicle
by the officer's prior statement that he was going to search the vehicle for
open containers.  The State counters that
Officer Bouse lawfully detained Appellant pursuant to a traffic stop and, after
smelling the alcoholic beverage, developed a reasonable suspicion sufficient to
justify a search of the vehicle and its occupants.  During that investigation, Appellant admitted
there was an open container of alcohol and marijuana in the vehicle.  With this information, Officer Bouse was
justified in detaining Appellant while he searched the vehicle for an open
container and marijuana.         

            Standard
of Review

            We review a trial court's ruling on
a motion to suppress evidence under a bifurcated standard of review.  Amador
v. State, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007).  In reviewing the trial court's decision, we
do not engage in our own factual review. 
Romero v. State, 800 S.W.2d
539, 543 (Tex.Crim.App. 1990).  The trial
judge is the sole trier of fact and judge of the credibility of the witnesses
and the weight to be given their testimony. 
Wiede v. State, 214 S.W.3d 17,
24-25 (Tex.Crim.App. 2007).  Therefore,
we give almost total deference to the trial court's rulings on (1) questions of
historical fact, even if the trial court's determination of those facts was not
based on an evaluation of credibility and demeanor, and (2)
application-of-law-to-fact questions that turn on an evaluation of credibility
and demeanor.  Amador, 221 S.W.3d at 673.  When
application-of-law-to-fact questions do not turn on credibility and demeanor of
witnesses, however, we review the trial court's rulings on those questions de novo. 
Id.

            Further, when reviewing the trial
court's ruling on a motion to suppress, we must view the evidence in the light
most favorable to the trial court's ruling. 
Wiede, 214 S.W.3d at 24; State v. Kelly, 204 S.W.3d 808, 818
(Tex.Crim.App. 2006).  When the trial
court makes explicit fact findings, as it did here, we determine whether the
evidence, when viewed in a light most favorable to the trial court's ruling,
supports those fact findings.  Id.   We then review the trial court's legal ruling de novo unless its explicit fact
findings that are supported by the record are also dispositive of the legal
ruling.  Id.  Finally, we must uphold
the trial court's ruling if it is supported by the record and correct under any
theory of law applicable to the case.  State v. Stevens, 235 S.W.3d 736, 740
(Tex.Crim.App. 2007).

            Search
and Seizure

            The Fourth Amendment protects
against unreasonable searches and seizures by government officials.  U.S. amend IV; Wiede, 214 S.W.3d at 24.  To
suppress evidence because of an alleged Fourth Amendment violation, the
defendant bears the initial burden of producing evidence that rebuts the presumption
of proper police conduct and satisfies this burden by establishing that a
search or seizure occurred without a warrant.  Amador, 221 S.W.3d at 672.  Once
the defendant has made this showing, the burden of proof shifts to the State,
which is then required to establish that the search or seizure was conducted
pursuant to a warrant or was reasonable. 
Id. at 672-73; Torres v. State, 182 S.W.3d 899, 902
(Tex.Crim.App. 2005). 

            An investigative detention is
reasonable, and thus constitutional, if (1) the officer's action was justified
at the detention's inception, and (2) the detention was reasonably related in
scope to the circumstances that justified the interference in the first place.  Terry
v. Ohio, 392 U.S. 1, 19-20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).  For the officer's initial action to be
justified under the first Terry prong,
we ask whether there existed specific, articulable facts that, taken together
with rational inferences from those facts, reasonably warranted that
intrusion.  Id. at 21.  Specifically, the
officer must have a reasonable suspicion that some activity out of the ordinary
is occurring or has occurred, some suggestion to connect the detainee with the
unusual activity, and some indication that the unusual activity is related to a
crime.  See Davis v. State, 947 S.W.2d 240, 244 (Tex.Crim.App. 1997). 

            Under the second Terry prong, an investigative detention
must be temporary and last no longer than necessary to effectuate the purpose
of the stop.  See Kothe v. State, 152 S.W.3d 54, 63 (Tex.Crim.App. 2004).  The scope of the seizure must also be
restricted to that necessary to fulfill the seizure's purpose.  Florida
v. Royer, 460 U.S. 491, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983).  Once the reason for a routine traffic stop is resolved, the
stop may not then be used as a A>fishing expedition for unrelated
criminal activity.=@ 
Davis, 947 S.W.2d at 243 (quoting
Ohio v. Robinette, 519 U.S. 33, 41, 117 S.Ct. 417, 422, 136 L.Ed.2d
347 (1996) (Ginsburg, J., concurring)). 
Rather, reasonable suspicion that another offense was or is being
committed is required to prolong the detention. 
Lambeth v. State, 221 S.W.3d 831, 836 (Tex.App.--Fort Worth 2007,
pet. refused); McQuarters v. State, 58 S.W.3d 250, 256 (Tex.App.--Fort
Worth 2001, pet. refused).  The officer
must be able to point to specific articulable facts, which, based on his
experience and personal knowledge coupled with logical inferences drawn from these
facts, warrant the additional intrusion. 
Davis, 947 S.W.2d at 244. 
An officer is entitled to rely on all the information obtained during
his contact with a motorist in developing the articulable facts justifying
continued detention.  Razo v. State, 577
S.W.2d 709, 711 (Tex.Crim.App. 1979); Powell v. State, 5 S.W.3d 369, 377
(Tex.App.--Texarkana 1999, pet. refused). 


            Here, when Officer Bouse first spoke
to the driver and detected the odor of alcohol emanating from the vehicle, he
formed a reasonable suspicion there was an open container of alcoholic beverage
in the vehicle and commenced an investigation. 
After he eliminated the driver as the source of the odor, he then
shifted his investigation to Appellant. 
When questioned about open containers, Appellant admitted he had
consumed five beers and there was an open container in the vehicle.[4]
  At this point, Officer Bouse had
probable cause to believe an open container violation was being committed and
had authority to conduct a warrantless search of the vehicle for open containers.

            Officer Bouse asked Appellant to get
out of the vehicle and correctly informed him that he was going to do a
probable cause search of the vehicle for open containers.  He next asked Appellant whether there was
anything else in the vehicle he should know about and told Appellant that now
was the time to come clean.[5]  Appellant then admitted there was marijuana
inside the vehicle.[6]  At this point, in addition to probable cause
to search the vehicle for open containers, Officer Bouse had probable cause to
search the vehicle for marijuana.  When
Officer Bouse subsequently searched the vehicle, he found an open container
(can of beer) and, under the passenger seat, a large plastic bag containing
marijuana and a small marijuana cigarette. 
Once the marijuana was discovered, Officer Bouse had probable cause to
arrest Appellant for the offense underlying his conviction. 

            We find that the trial court did not
abuse its discretion in denying Appellant's motion to suppress.  At the very least, the trial court's ruling
is within the zone of reasonable disagreement. 
Accordingly, we overrule Appellant's single point of error.

Conclusion

            The
trial court's judgment is affirmed.    

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

Publish.











[1]Hon.
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.  Tex. Gov't Code Ann. §
75.002.(a)(1) (West 2005).

 





[2]See Tex. Health & Safety Code Ann. §
481.121(a), (b)(3) (West 2010).





[3]A
person commits the offense if the person knowingly possesses an open container
in a passenger area of a motor vehicle that is located on a public
highway.  See Tex. Penal Code Ann. § 49.031(b) (West 2011). 





[4]At
this point, Appellant asserts Officer Bouse should have written him a citation
for an open container violation and ended Appellant's detention.  However, Officer Bouse had simply heard that there was an open container
in the vehicle, he had not verified its existence by conducting a search or
collected the open container as evidence. 
Appellant's reliance on the dissent in Ford v. State, 305 S.W.3d 530 (Tex.Crim.App. 2009) (Myers, J.,
dissenting), is misplaced.  In Ford, Justice Myers's dissent asserts
that the officer did not have probable cause to believe the defendant's vehicle contained contraband because he
knew with certainty that the
defendant's vehicle contained evidence of an open container violation, i.e.,
the officer observed three open beer cans prior to any search of the vehicle.  Id.
at 545.  Because the officer had already
observed the open beer cans, Justice Myers concluded in his dissent that there
was no need to commence a search for "additional alcohol because possession
of one or more open containers in a single-criminal episode is a single
offense."  Id.  In our case, Officer
Bouse did not discover an open container until he performed his search.   

    





[5]These
sorts of question can be asked during the traffic stop or after the purpose for
the traffic stop has been effectuated.  Strauss v. State, 121 S.W.3d 486, 491
(Tex.App.--Amarillo 2003, pet. ref'd) (Regardless whether the purpose of the
traffic stop has been effectuated, the officer may still ask if the occupants
possess illegal contraband and solicit consent to search.).    

 





[6]Appellant
asserts that he was coerced into confessing there was marijuana in the vehicle
because of Officer Bouse's prior statement that he was going to do a probable
cause search of the vehicle for open containers.  Our review of the record yields no evidence
of coercion, i.e., physical mistreatment, use of violence, threats, threats of
violence, promises or inducements, deception or trickery.  See Meekins
v. State, 340 S.W.3d 454, 460 n.26 (Tex.Crim.App. 2011) (quoting United States v. Pena, 143 F.3d 1363,
1367 (10th Cir. 1998)).