AFFIRMED; Opinion Filed October 31, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-00982-CR

## CALVIN DEWAYNE WILLIAMS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 439th Judicial District Court
### Rockwall County, Texas
### Trial Court Cause No. 2-10-621

# OPINION

Before Justices Bridges, Richter, and Lang
Opinion By Justice Lang

Calvin Dewayne Williams appeals the trial court's judgment convicting him of possession of marijuana[1] in an amount of fifty pounds or less, but more than five pounds. Williams pleaded guilty to the offense. The trial court accepted the plea and assessed his punishment at two years of imprisonment and a $500 fine. In one issue, Williams argues the trial court erred when it denied his motion to suppress because the police did not have probable cause to search the trunk of his vehicle without a warrant. We conclude the trial court did not err when it denied Williams's motion to suppress. The trial court's judgment is affirmed.

---

[1] The statutory spelling of the substance is "marihuana." *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(26), .481.120–.122 (West 2010); *Smith v. State*, 176 S.W.3d 907, 911 n.1 (Tex. App.—Dallas 2005, no pet.). The common spelling of the word is "marijuana." *See Smith*, 176 S.W.3d at 911 n.1.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Officer Barrett Morris observed a vehicle driving at a high rate of speed. He "paced" the vehicle and determined it was going sixty-seven miles-per-hour in a sixty mile-per-hour speed zone. He stopped the vehicle and approached it. Williams was driving the vehicle and admitted to Officer Morris that the cruise control was set at sixty-five miles-per-hour. During this initial conversation, Officer Morris detected the odor of marijuana emanating from the vehicle. Also, he observed a single key in the ignition, and multiple cellular telephones, energy drinks, trash, and random ball caps in the rear seat of the vehicle. He asked both Williams and Price, a passenger in the vehicle, about their driving plans and destination. Both Williams and Price stated they were going to a funeral, but their answers were inconsistent regarding their destination and length of stay. Officer Morris also observed that Williams and Price were nervous and took extra time to think about their answers before responding to his questions. When he asked Williams and Price about the odor of marijuana, they responded that they had been smoking wine-flavored cigars.

Officer Morris searched the vehicle, including its trunk. Inside the trunk, he found a spare tire that was the wrong size for the vehicle, dirty, and not useable. He lifted the tire from the trunk and it was heavier than a standard air-filled tire. When he rolled the tire back-and-forth along the pavement, he felt something moving inside the tire. He conducted an echo test and the results were inconsistent with a standard air-filled tire. Then, he released some air from the tire and detected the odor of marijuana, so he asked Williams about the contents of the spare tire. After receiving the warnings pursuant to *Miranda*, Williams stated the spare tire contained approximately six pounds of marijuana and that Price did not have any knowledge of the contraband. As a result, Officer Morris used a blade to open the spare tire and found approximately eleven pounds of marijuana.

Williams was indicted for possession of marijuana in an amount of fifty pounds or less, but

more than five pounds. After the trial court denied his motion to suppress the evidence, he pleaded guilty to the offense. The trial court assessed his punishment at two years of imprisonment and a $500 fine.

## II. MOTION TO SUPPRESS

In issue one, Williams argues the trial court erred when it denied his motion to suppress because the police did not have probable cause to search the trunk of his vehicle without a warrant. He contends that the officer's observations of inconsistent statements, nervousness, and other "legal items" in the passenger compartment of the vehicle did not establish probable cause for him to search the trunk of the vehicle. The State responds that the detection of the odor of marijuana emanating from Williams's vehicle provided sufficient probable cause for the officer to conduct a warrantless search of all areas of the vehicle that were capable of containing marijuana, including the trunk.

### A. Standard of Review

A bifurcated standard of review is applied to a trial court's ruling on a motion to suppress evidence. This standard requires an appellate court to give almost total deference to a trial court's determination of historical facts and applies a de novo review of a trial court's application of the law to those facts. *See Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010). A trial court is the sole trier of fact, and the judge of witness credibility and the weight to be given to their testimony. *See Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010); *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007).

When the trial court makes explicit findings of fact, an appellate court determines whether the evidence, viewed in the light most favorable to the ruling, supports those findings. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). Then, the appellate court reviews the trial court's

legal conclusions de novo and upholds the ruling so long as it is supported by the record and correct under any legal theory applicable to the case. *State v. Iduarte*, 268 S.W.3d 544, 548 (Tex. Crim. App. 2008); *Banda v. State*, 317 S.W.3d 903, 907–08 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

### B. Applicable Law

The Fourth Amendment to the United States Constitution and Article I, section 9, of the Texas Constitution guarantee the right to be secure against unreasonable searches. U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. Article 38.23 of the Texas Code of Criminal Procedure forbids the admission of evidence seized by any person or officer when that evidence has been obtained in violation of the federal or state constitutions or in violation of federal and state laws. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005); *Krause v. State*, 243 S.W.3d 95, 103 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

There is a strong preference for searches to be administered pursuant to a warrant. *Guitierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007). Under the Fourth Amendment, a search conducted without a warrant issued on probable cause is per se unreasonable, unless it falls within one of the well-established exceptions to the warrant requirement. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); *Guitierrez*, 221 S.W.3d at 685; *Reasor v. State*, 12 S.W.3d 813, 817 (Tex. Crim. App. 2000).

Under the automobile exception, a warrantless search of the vehicle is proper if the vehicle is readily mobile and there is probable cause to believe the vehicle contains evidence of a crime. *See Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996); *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009). The legal determination of probable cause is based on the totality of the circumstances and practical common sense. *See Illinois v. Gates*, 462 U.S. 213, 231–39 (1983). There is no

all-encompassing definition of probable cause because it is a fluid concept "turning on the assessment of probabilities in particular factual contexts." *Gates*, 462 U.S. at 232. Probable cause amounts to reasonably trustworthy facts and circumstances within the officer's knowledge that would lead a person of reasonable prudence to believe that evidence of a crime will be found. *Gutierrez*, 221 S.W.3d at 685.

It is well-settled that the odor of marijuana is sufficient to constitute probable cause to search an automobile. *See e.g., Marsh v. State*, 684 S.W.2d 676, 679 (Tex. Crim. App. 1984); *Razo v. State*, 577 S.W.2d 709, 711 (Tex. Crim. App. [Panel Op.] 1979); *Isam v. State*, 582 S.W.2d 441, 444 (Tex. Crim. App. [Panel Op.] 1979). "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross*, 456 U.S. 798, 825 (1982).

### C. Application of the Law to the Facts

The trial court issued findings of fact and conclusions of law. Williams does not argue the evidence fails to support the trial court's findings of fact. He argues only that the facts were not sufficient to give the officer probable cause to search the trunk of his vehicle. The trial court specifically found that "Officer Morris immediately detected the odor of marijuana emanating from the vehicle during his initial conversation with the occupants and immediately called for a back-up officer." Having found the officer's testimony credible that he smelled marijuana emanating from the Williams's vehicle, the trial court appropriately concluded that "The odor of marihuana gave Officer Morris probable cause to search the vehicle including the trunk and anything that could store marihuana." *See e.g., Ross*, 456 U.S. at 825; *Marsh*, 684 S.W.2d at 679; *Razo*, 577 S.W.2d at 711; *Isam*, 582 S.W.2d at 444. Accordingly, we conclude the trial court did not err when it denied Williams's motion to suppress.

Issue one is decided against Williams.

## III. CONCLUSION

The trial court did not err when it denied Williams's motion to suppress.

The trial court's judgment is affirmed.

_____
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110982F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CALVIN DEWAYNE WILLIAMS,
Appellant

No. 05-11-00982-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 439th Judicial District
Court of Rockwall County, Texas.
(Tr.Ct.No. 2-10-621).
Opinion delivered by Justice Lang, Justices
Bridges and Richter participating.

     Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered October 31, 2012.


_____

DOUGLAS S. LANG
JUSTICE